335 So.2d 836 (1976)
Truman P. MORRELL, Appellant,
v.
STATE of Florida, Appellee.
No. W-234.
District Court of Appeal of Florida, First District.
June 30, 1976.
*837 C.P. Maddox, of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Appellant Morrell was informed against and tried for the crime of rape. The jury returned a verdict of the lesser included offense of assault to commit rape; hence this appeal.
The major point asserted by Morrell is that the trial court erred in not permitting cross examination of the prosecutrix as to her addiction to narcotics and continuing methadone treatment.
The facts primarily reveal a "one on one" situation. The prosecuting witness testified that on the afternoon of her encounter with Morrell, she was walking home from her doctor's office. At this time a late model Thunderbird automobile pulled alongside her, and the two male occupants offered her a ride. She did not know the two males, however, she accepted their offer. Instead of taking her home, Morrell (the driver of the car and who she later identified) drove to a remote area. There, pursuant to the threat of shooting her to death, Morrell proceeded to rape her. A pistol was found in Morrell's possession at the time of his arrest in the early evening. Without detailing the facts further, suffice it to say that substantial, competent evidence was adduced to uphold the jury's verdict.
On cross examination, Morrell's attorney sought to elicit from the victim the fact that she was addicted to narcotics and, at that time, was taking methadone. Objection to this line of inquiry was sustained. In the jury's absence, Morrell's attorney examined the victim in developing a proffer of her testimony. She testified that *838 she first became addicted to narcotics at age 18 (she was 21 years old at the time of trial), and that a week and a half prior to trial she had been confined in the Duval County Jail for possession of heroin. In answer to the question, "Are you under the influence of narcotics at the present time and or methadone?", the witness answered, "Well, I'm on methadone now."
Morrell's defense was predicated upon his testimony that the victim was hitchhiking down Kings Road, and when he slowed up she ran over to his car and acted like she knew his companion. Morrell further related that after she got into the car, she pulled out some marijuana and began talking about something stronger. The gist of Morrell's version was they had sexual intercourse in exchange for Morrell offering her some cocaine; although Morrell did not intend to uphold his end of the bargain.
Two main functions of cross examination are: 1) to shed light on the credibility of the direct testimony, and 2) to bring out additional facts related to those elicited on direct examination. As to the first function, the test of relevancy is whether it will, to a useful extent, aid the court or the jury in appraising the credibility of the witness and assessing the probative value of the direct testimony.[1] More than half a century ago, the Supreme Court stated in Pittman v. State:[2]
"It is settled in this court that, for the purpose of discrediting a witness, a wide range of cross-examination is permitted as a matter of right in regard to his motives, interest, or animus as connected with the cause or the parties thereto, upon which matters he may be contradicted by other evidence... ." (Emphasis supplied)
The credibility of the prosecutrix being essential to the issue involved cannot be disputed. Although Morrell did not conclusively proffer proof that the prosecutrix was under the influence of drugs when the event occurred, or when she was on the stand to the extent that her mental faculties were impaired, it is evident that her drug addiction was a subject that was relevant to the facts charged. Thus, for the purpose of impeaching the credibility of the one witness's testimony upon which the conviction had to be founded, the trial judge committed reversible error in precluding cross examination as to the prosecutrix's drug addiction and treatment.
REVERSED.
SMITH, J., concurs.
CREWS, JOHN J., Associate Judge, dissents.
JOHN J. CREWS, Associate Judge (dissenting).
I differ with the majority's conclusion that the victim's "drug addiction was a subject ... relevant to the facts charged."
I follow the authorities cited, but respectfully suggest that they are neither in point, nor germane to the issue resulting in reversal.
In Pittman, cited by the Court, the issue was whether the defendant who was charged with forgery, uttering and publishing a forgery, could on cross-examination be required to answer questions relating to a possible collateral crime of a similar nature. After stating the general rule as quoted and referring to earlier precedent, the Supreme Court concluded that such questioning and requirement to answer was not error. From the authorities cited by the Court in Pittman, page 394, it is apparent that such testimony was admissible for the purpose of illustrating the intent of the defendant in committing the crime for which he was being tried.
*839 It is interesting to note that the late revered Justice Thornal, in pronouncing the rule for our Supreme Court relative to the admissibility of collateral crimes in Williams v. State, 110 So.2d 654, referred to authority which the Pittman Court noted in arriving at the majority's quotation from the latter case.
The Appellant sub judice wanted the jury to know that his victim became addicted to heroin at the age of 18, had been arrested for possessing that drug a week and one-half prior to the event charged and had been taking methadone for the past two years.
I cannot find any evidence in the record, or proffer thereof, that she was on either her prescribed "treatment" or heroin at the time of the offense, or on the day of trial. In fact, during the proffer, she testified that she had not taken any methadone that day, but would at night.
In Eldridge v. State, 27 Fla. 162, 9 So. 448, the Supreme Court of Florida in reversing a conviction where testimony of a witness's habit of indulging in morphine had been admitted quoted and said as follows on page 453:
"In section 418, 1 Whart. Ev., it is said, `The use of opium cannot be introduced to impair credit, unless it be shown that the witness was under the influence of opium when examined, or when the litigated event occurred.' In the case of McDowell v. Preston, 26 Ga. 528, it was held that in order to discredit or weaken the testimony of a witness it is not enough to show that the witness was in the habit of using opiates. The proof must go further, and establish either that the mind of the witness was impaired generally by the use of it, or at least under influence of the opiate at the time the testimony was taken. The testimony here offered by the state falls short of this test, and should have been excluded. There was no testimony to show that the witness Smith was under the influence of morphine either at the trial or at the time of the event about which he testified; nor is it shown that his mind was impaired generally by the use of morphine."
In Nelson v. State, 99 Fla. 1032, 128 So. 1, the Supreme Court in addressing itself to the assignments of error based upon the trial court sustaining objections of the state to questions propounded to complaining witness, relative to his using dope and cocaine, had the following to say:
"This court has held that, for the purpose of discrediting a witness, a wide range of cross-examination is permitted as a matter of right in regard to his motives, interests, or animus, `as connected with the cause or with the parties thereto,' and in the discretion of the court a like inquiry may be made into the past life and history of the witness when the matters inquired about tend to affect credibility and that the rules which should govern the trial court in exercising its discretion in allowing or disallowing inquiries into collateral matters to affect credibility do not authorize questions to be put for the sole purpose of disgracing the witness, (emphasis supplied) and the court should not allow inquiries into matters which do not tend to affect credibility. The transaction inquired about must be one which bears directly upon the present veracity of the witness. (cit. omit.) . ..
"When the character of a witness is gone into, the only proper object of inquiry is as to his reputation for truth and veracity, as neither his general character nor particular phases of character can be gone into." (cit. omit.)
"The general rule is that evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness." (cit. omit.)
"There is no evidence in this case that Philip (the complaining witness) was under *840 the influence of `dope' either at the time he was robbed or at the time of testifying." (cit. omit.)
The Court then cited Eldridge supra, and quoted from Wharton on Evidence as stated above.
In Kelly v. Maryland Casualty Company, 4 Cir., 45 F.2d 782, the Court quoted The Rule expressed in 40 Cyc. 2775 as follows:
"The mere fact that a witness uses or has used drugs does not impair his credibility in the absence of any showing that his mind or memory has been affected thereby, or that he was under the influence of drugs at the time of the occurrence as to which he testifies, or is under such influence when his testimony is given."

Eldridge, Supra, was cited.
The Supreme Court of Alabama cited Eldridge in holding in Standard Oil Company v. Carter, 210 Ala. 572, 98 So. 575, that:
"The use of opium cannot be introduced to impair the credit of a witness unless it be shown that he was under the influence of the drug at the time of testifying or at the time of the occurrence of the event to which he is testifying, or that his mind was generally impaired by the use of said drug."
In briefs and argument appellant contends that the prosecutrix's "credibility" should be valued by the jury. Credibility for what? The appellant did not proffer any evidence that addiction to heroin two years previously and the taking of methadone since would in any way impair one's veracity, accuracy, memory, nor one's ability to discern what is happening or one's awareness of time, place, space or events.
Contrarily, the victim testified in detail the route taken to the scene and the surroundings where she suffered the outrage resulting in trial. She had the presence of mind upon being released by appellant and companion two blocks from her home to write down the license tag number of her assailant's car, and to telephone the police who were waiting at her residence by the time she could walk the short distance involved. Further, unchallenged, she testified that methadone did not affect her senses.
Since credibility could not be an issue without evidence, or the proffer thereof, to show the witness's unfortunate addiction had or was affecting her senses as above stated, the trial judge was correct in sustaining the objection to the questioning proffered. Further, and more importantly, where there was not any proffer of testimony that the witness was on narcotics the day of the event or at the time of trial, for the court below to have admitted the testimony proffered would have been contrary to the law of evidence pronounced by the Supreme Court of Florida. Eldridge, Nelson, supra. This the trial judge apparently did not want to do; and neither shall this associate judge.
Credibility is not the issue in the case at bar as there is no factual basis upon which to predicate its being. The information sought was an inflammatory assault on the victim's character, calculated to prejudice the jury, and to divert attention from the principal question being tried.
After duly considering the latitude granted on cross-examination, assaulting a rape victim's character which is inflammatory, irrelevant, immaterial, and which sheds no light on the issue being tried,[1] should be condemned instead of approved by courts of justice.
NOTES
[1] McCormick on Evidence (2nd ed. 1972) at 57.
[2] Pittman v. State, 51 Fla. 94, 41 So. 385 (1906).
[1] Eldridge v. State, supra, 35 Fla.Pur., Sections 193, 194. Nelson v. State, supra.