MILLS, Judge.
Diaz and Lytle appeal convictions for trafficking in cannabis in excess of one hundred pounds, but less than two thousand pounds. We affirm.
We find no error in the first two issues raised by Diaz "and Lytle. These alleged errors are essentially the same as those this panel found to be without merit when raised by Morito, a codefendant. Morito v. State, 438 So.2d 836 (Fla. 1st DCA 1983).
Diaz and Lytle’s contention that Section 893.135, Florida Statutes (1981), the drug trafficking statute, is unconstitutional is also without merit. State v. Benitez, 395 So.2d 514 (Fla.1981).
The final issue raised by Diaz and Lytle is whether the trial court erred when it refused to allow defense counsel to cross-examine Vines, a paid informant and key witness for the prosecution, about Vines’ testimony before a magistrate in North Carolina. The proceedings in that state were completely unrelated to the parties and proceedings in the matter under consideration and occurred after the arrest of *1126 Diaz and Lytle. The line of questioning was properly excluded as irrelevant because it would not have been useful in assessing Vines’ credibility or the probative value of his direct testimony. Cf. Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976).
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.