455 So.2d 562 (1984)
Lewis TAYLOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AU-416.
District Court of Appeal of Florida, First District.
August 28, 1984.
*563 Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Taylor appeals his convictions and sentences for sexual battery and inmate possession of a weapon. Appellant argues that the trial court erred in denying his motion for severance of the two charges and in restricting defense counsel's cross-examination of the key prosecution witness. We affirm the conviction and sentence for possession of a weapon but reverse the conviction for sexual battery and remand for a new trial.
Taylor, an inmate in Florida State Prison, was charged with the sexual battery of fellow inmate John Clark, Jr. and possession of a weapon, a homemade knife. Before trial, appellant moved to sever the two counts on the grounds that the offenses were factually unrelated and improperly joined. At the hearing on the motion defense counsel contended that it was unclear whether appellant was charged with possession of the knife at the time of the sexual battery or at a later time when his cell was searched. The prosecutor argued that judicial economy dictated one trial and stated that he believed the victim would identify the knife recovered from the cell as the same weapon, or consistent with the weapon, that was used in the sexual battery. The motion to sever was denied.
At trial, Clark testified as follows. At 11:30 A.M. on December 15, 1982, he was in his cell with his back to the door when someone sneaked up behind him. Clark felt a knife at his throat and was ordered to remove his pants. Clark identified the defendant, Taylor, as his assailant. Clark removed his pants as ordered and was anally penetrated. The knife was at his neck throughout the sexual attack. Later, Clark was able to get a look at the knife, and he described it as silver in color, aluminum or stainless steel, at least 8 to 10 inches long. He also stated that the blade was 3/4 inch to one inch wide and that the knife had masking tape on the handle. After the attack, Clark cleaned himself, got dressed and reported the incident to his boss. He was examined at the prison clinic.
On cross-examination, defense counsel attempted to question Clark concerning other alleged sexual attacks. The State's objections to this line of questioning were sustained and defense counsel was not allowed to proffer the evidence at that time. Defense counsel attempted to elicit from Clark whether he made sexual abuse complaints in order to get transfers or to get better treatment, but again the State's objections were sustained. Defense counsel wanted to proffer the evidence, but the trial court would not allow a proffer at that *564 time and told defense counsel, "you can call this witness if you want to."
Officers Gilpin and Lazenby testified that they searched appellant's cell on K wing at 2:30 P.M. on December 15, 1982. When Lazenby ordered appellant to step out of his cell, appellant walked up to the window and pushed out an object wrapped in toilet paper. After the officers searched appellant's cell, they went outside and recovered a homemade knife wrapped in toilet paper outside appellant's cell window. The knife was made from a pen with an insurance company name on it. They did not find a knife like the one described by Clark. When the State rested, appellant moved for a judgment of acquittal on both counts and also moved for a mistrial based upon the improper joinder of the two counts. The motions were denied.
The defense then called Clark who was shown the knife which was seized by Officers Gilpin and Lazenby outside appellant's cell window. Clark testified that it was not the knife which appellant held to his throat during the sexual attack.
Medical Technician Lindberg testified that he examined Clark on the afternoon of December 15, 1982, and observed a minor bruise and chaffed area near Clark's anus. There was no evidence of lacerations, blood, tears, swelling, or discharges.
Peterson, another inmate, testified that he had lunch with appellant and played basketball with him between 11:00 A.M. and 1:00 P.M. on December 15, 1982. Appellant also testified, and he denied attacking Clark. Defense counsel renewed his motions which were denied.
The jury found appellant guilty of both counts and he was sentenced to thirty years on the sexual battery count and five years on the weapon possession count to run consecutively. After sentencing, defense counsel informed the court that Clark had been returned to prison and was not available for the proffer desired by defense counsel. The trial court granted defense counsel's request to propound for the record a proffer of what questions counsel would have asked Clark and what counsel expected the answers to be.
Florida Rule of Criminal Procedure 3.152(a)(2) provides that, inter alia, a court shall grant a severance of charges on motion of a defendant during trial upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. Rule 3.152(a)(1) provides that a defendant shall have a right to severance of the charges upon timely motion when two or more offenses are improperly charged in a single information. Rule 3.150(a) provides that two or more offenses may be charged in the same information when based on the same act or transaction or on two or more connected acts or transactions. We agree with appellant that the trial court abused its discretion in denying appellant's renewed motion for severance at trial when it became clear that the knife found outside appellant's cell was not the knife used in the alleged sexual battery.
In Paul v. State, 385 So.2d 1371 (Fla. 1980), the court adopted Judge Robert Smith's dissenting opinion in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979), as the law of Florida on the question of whether charges are properly consolidated for the purpose of Rule 3.151. Although Paul is factually dissimilar, its rationale is applicable to the instant case. Judge Smith stated:
I conceive that consolidation rule 3.151 and its counterpart, joinder rule 3.150, refer to "connected acts or transactions" in an episodic sense, and that the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both or all instances... .
... .
[T]he more important purpose of requiring separate trials on unconnected charges is to assure that evidence adduced on one charge will not be misused to dispel doubts on the other, and so effect a mutual contamination of the *565 jury's consideration of each distinct charge. When as here the accuracy of an identification witness is critical in each unconnected case, their identifications will be regarded as mutually supportive although they are not mutually corroborative in law or in fact. The support that each identification lends to the other enables the prosecution to try the accused on a theory of cumulative guilt.
365 So.2d at 1065-66. Paul continues to reflect the law in Florida. State v. Williams, 453 So.2d 824 (Fla. 1984). In Williams the court reiterated that the objective of fairness in determining a defendant's innocence or guilt takes priority over considerations of judicial economy.
In the instant case, the evidence of the possession of a knife in appellant's cell may have dispelled any doubts the jury may have had on the sexual battery charge because it established appellant as a person with a propensity to possess a knife. This is true even though the knife used in the alleged sexual battery was not the one found outside appellant's cell and even though the evidence of the knife found outside appellant's cell would be inadmissible in a trial on the sexual battery charge alone. Allowing the State to introduce the evidence of appellant's possession of the homemade knife solely because of the consolidation of the charges allowed the prosecution to try appellant on a theory of cumulative guilt and precluded appellant from receiving a fair trial. Cf. State v. Vazquez, 419 So.2d 1088 (Fla. 1982) (introducing evidence of a prior conviction to establish a charge of unlawful possession of a firearm by a convicted felon unfairly prejudiced Vazquez in regard to the charges of murder and display of a firearm during commission of a felony). Therefore, the trial court abused its discretion sub judice in not granting appellant's renewed motion for severance because a showing was made during trial that severance was necessary to achieve a fair determination of defendant's guilt or innocence of each offense. Rule 3.152(a)(2)(ii).
As to appellant's conviction for possession of a weapon, however, we hold that the trial court's error was harmless. The evidence of appellant's guilt as to this charge was overwhelming, and we see no useful purpose in requiring a new trial. See Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Harris v. State, 414 So.2d 557 (Fla. 3d DCA 1982). Therefore, we reverse only the conviction for sexual battery.
Although our disposition of appellant's first issue makes it unnecessary to address his second issue, in the interest of judicial economy we do so to preclude the reappearance of this issue at a new trial on the sexual battery count. Defense counsel's purpose in attempting to cross-examine the victim about prior alleged sexual assaults and requests for prison transfers was to establish whether the victim may have had a motive for lying about the alleged sexual battery, i.e., Clark may have made his story up in order to get a transfer or better treatment. This purpose was pointed out to the trial court in argument. It is well settled that a defendant, as a matter of right, may cross-examine a witness for impeachment purposes by inquiry which could possibly show a motive for the witness to be untruthful. See, e.g., Brown v. State, 424 So.2d 950 (Fla. 1st DCA 1983); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977). As this court stated in Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976):
It is settled in this court that, for the purpose of discrediting a witness, a wide range of cross-examination is permitted as a matter of right in regard to his motives, interest, or animus as connected with the cause or the parties thereto....
335 So.2d at 838 (quoting from Pittman v. State, 51 Fla. 94, 41 So. 385, 394 (1906)). Sub judice, the trial court erred in sustaining the State's objections to defense counsel's attempted cross-examination of Clark.
Accordingly, appellant's conviction and sentence for inmate possession of a weapon are affirmed; his conviction for sexual battery *566 is reversed, the sentence is vacated, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON and ZEHMER, JJ., concur.