SHIVERS, Judge.
Defendant appeals a 25V2 year general sentence, imposed pursuant to the sentencing guidelines. We reverse and remand for resentencing pursuant to instructions.
The defendant was charged by information with (1) attempted first-degree murder with a firearm, (2) resisting arrest with violence, (3) possession of a firearm by a convicted felon, (4) possession of a forged driver’s license, and (5) unlawful discharge of a firearm. All five counts were alleged to have arisen out of a single criminal episode. A jury trial was held on all counts except Count 3, and defendant was found guilty of attempted second-degree murder with a firearm and of Counts 2, 4, and 5 as charged. Defendant pled nolo contendere to Count 3.
A single sentencing guideline scoresheet was prepared utilizing the attempted second-degree murder conviction as the “primary offense at conviction” and Counts 2, 4, and 5 as “additional offenses at conviction.” The scoresheet as calculated reflected a total of 225 points and a recommended range of 12 to 17 years’ incarceration. The trial court chose to depart from the recommended range and imposed a general sentence of 25¥2 years, combining all 5 counts. The court’s reasons for departure were stated orally at the sentencing hearing but did not appear in writing on the sentencing guideline scoresheet.
Defendant argues, on appeal, that the court erred in imposing a general sentence. We agree not only with defendant’s argument, but find that a number of errors were made in computing defendant’s sentence.
First, the imposition of general sentences by a trial court is improper. Dorfman v. State, 351 So.2d 954 (Fla.1977); Carroll v. State, 361 So.2d 144 (Fla.1978); section 775.021(4), Fla.Stat. Further, the sentencing guidelines contain their own statement against general sentences:
Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
Rule 3.701(d)(12), Fla.R.Crim.P.
Second, Rule 3.701(d)(1) states, in pertinent part:
One guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing.
Further, Rule 3.701(d)(4) states:
Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court shall be scored as additional offenses based upon their degree and the number of counts of each.
Although the sentencing of defendant on his plea of nolo contendere to Count 3 was pending at the time of the sentencing hearing, that count was not calculated into the scoresheet as an “additional offense at conviction.” Proper inclusion of Count 3, a second-degree felony, would add three points to the scoresheet.
Third, we find that the trial court erred in failing to state its reasons for departure in writing. This court has held that Rule 3.701(d)(ll) requires a separate *1326 written articulation of reasons for departure in that a transcript of the court’s oral explanation is not sufficient. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985).
Accordingly, we reverse and remand for resentencing in accordance with the following instructions:
(1) that Count 3 be calculated on the scoresheet as an additional offense at conviction;
(2) that separate sentences be imposed for each of the five charges; and
(3) that the total of the five separate sentences not exceed the total guidelines sentence calculated on the scoresheet unless clear and convincing reasons for departure are stated in writing, pursuant to Rule 3.701(d)(ll), Fla.R.Crim.P.
REVERSED and REMANDED.
ERVIN, C.J., and JOANOS, J., concur.