JOANOS, Judge.
Appellant Michael Brown appeals from an order of judgment and sentence on charges of aggravated battery and possession of a weapon by a state prisoner. Appellant raises two points for our review: (1) the limitation placed by the trial court on cross examination of the state’s witnesses, and (2) the imposition of a general sentence. We affirm in part and reverse in part.
Appellant was charged in a two-count information. More particularly, the allegations set forth in the information charged that appellant committed a battery upon his fellow inmate Harold T. Goebel, with a piece of sharp-edged sheet glass.
Approximately ten days before the incident in which Goebel was injured, Goebel and appellant, both inmates of Florida State Prison, had an argument about a radio. The radio, which belonged to Goe-bel, was contraband. During a prison *650 shakedown, Goebel passed the radio to appellant. Afterwards, appellant refused to return the radio. For a period of several days, Goebel and appellant maintained a running dispute about the radio. Finally, Goebel reported the matter and an officer confiscated the radio. The record reflects that once the radio had been seized, appellant and Goebel exchanged threats.
At trial, Goebel testified that on the day he was injured, he saw someone give appellant a pillow sack with a flat object in it. Goebel thought the object was a mirror. Since inmates routinely use mirrors as devices for looking out of their cells, he attached no significance to the matter. Goe-bel’s cell was adjacent to that of appellant. At about 8:00 p.m. on the day in question, Goebel was at his cell door talking to several inmates. In the process, Goebel had his head out of the window of his cell door. Goebel heard something to the right of his cell, and turned his head in that direction. As he looked to the right, Goebel saw a glass coming out of appellant’s cell door. Goebel stated he saw appellant throw the glass. He was unable to avoid the glass, which struck him in the right cheek and inflicted a gaping wound.
During the state’s case, two other inmates corroborated the victim Goebel’s testimony. Both witnesses stated unequivocally that appellant had thrown the glass which injured Goebel. Appellant denied throwing the glass. He [appellant] and four other inmates testified that appellant was involved in a card game at the back of his cell when Goebel was cut in the glass-throwing incident.
Defense counsel was accorded wide latitude, on proffer, to establish that (1) the victim was involved in a homosexual relationship, and (2) the victim’s alleged homosexuality provided the motivation for the state’s witnesses to testify in a manner consistent with the victim’s testimony. The trial judge permitted the jury to hear testimony that the victim Goebel was involved in a homosexual relationship with an inmate who has no connection with this case. In addition, the trial judge permitted the jury to hear testimony that the victim trusted a fellow inmate, a state witness, to pass letters for him [the victim] to his alleged lover. However, the trial judge permitted no further development of the homosexual theme, on the ground that it was irrelevant to this case.
The jury returned guilty verdicts as to both counts of the information. Appellant was adjudicated guilty of the offenses charged, and sentenced to serve eight years, the sentence to run consecutively to the sentence appellant was then serving. The order appealed does not specify whether the eight year sentence applies to Count I or to Count II. It therefore appears to apply to both and would be termed a “general sentence.”
It is well settled that a defendant “as a matter of right, may cross examine a witness for impeachment purposes by inquiry which could possibly show a motive for the witness to be untruthful.” Taylor v. State, 455 So.2d 562 (Fla. 1st DCA), dismissed, 459 So.2d 1042 (Fla.1984). See also Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976); Hair v. State, 428 So.2d 760, 762 (Fla. 3rd DCA 1983).
On the other hand, it is equally well settled that unless there is a clear abuse of discretion “[t]he scope and control of cross examination is within the trial court’s discretion.” Medina v. State, 466 So.2d 1046 (Fla. 1985); Duncan v. State, 450 So.2d 242 (Fla. 1st DCA 1984); Ho Yin Wong v. State, 359 So.2d 460, 461 (Fla. 3rd DCA), cert. denied, 364 So.2d 886 (Fla.1978).
Our examination of the record reveals no error with regard to the limitation of cross examination of the state's witnesses. We agree with the trial judge that the alleged homosexual activity was irrelevant to the case being tried, and find no abuse of discretion in the limitation placed on questioning in this regard. Therefore, we affirm as to this point.
We must reverse, however, with respect to the second point raised in this appeal. Florida Rule of Criminal Procedure 3.701(d)(12) requires imposition of a *651 separate sentence for each offense for which one accused is adjudicated guilty. In addition to the directive set forth in the rule, case law proscribes imposition of a general sentence. Reichman v. State, 473 So.2d 1324 (Fla. 1st DCA 1985), citing Carroll v. State, 361 So.2d 144 (Fla.1978); Dorfman v. State, 351 So.2d 954 (Fla.1977).
Accordingly, we affirm as to point one, and reverse and remand as to point two, with directions to the trial judge to impose separate sentences for each count pursuant to Florida Rule of Criminal Procedure 3.701(d)(12).
THOMPSON and NIMMONS, JJ., concur.