577 So.2d 606 (1991)
Thomas Michael JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3050.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
Rehearing Denied April 17, 1991.
*607 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
The appellant challenges his conviction for sexual battery. He claims that the trial court erred in admitting hearsay testimony. We agree and reverse.
The victim of this attack testified that she met appellant inside a bar in Plantation, Florida. After dancing and talking for a while, the two went outside. Their testimony conflicts as to whose suggestion it was that they leave the bar. However, once outside, the victim testified that appellant grabbed her, tore her dress, threw her to the ground and started to rape her. Importantly, the victim stated that she was screaming and begging appellant to let her go. While appellant was attempting to penetrate the victim, the police drove up. At that point the victim broke away from the appellant, running to the police crying for help. The appellant's version differs considerably from that of the victim. He claims that the sexual encounter was entirely consensual until the police car appeared, at which time the victim ran towards the car saying something. At that point appellant ran.
Over strenuous objection by the appellant, a deputy sheriff who was in the car which encountered appellant and the victim was allowed to testify that his dispatcher had informed him of a call that "there was screaming coming from the area behind residential neighborhoods," meaning an area which encompassed the scene of this incident. The appellant objected that the testimony was hearsay. The trial court overruled the objection because, first, no specific criminal activity was included in the BOLO report; second, no one was identified in the BOLO report; and thus, three, *608 nothing in the BOLO pointed to the defendant as the perpetrator of a crime. The trial court reasoned that the statement placed the officer's presence at the scene in a logical sequence of events and was not introduced for the truth of the matter asserted.
However, in the closing argument the prosecutor unquestionably used the statement to bolster the state's case and contradict the consent defense of appellant. The prosecutor told the jury: "You have Officer Garrison who was the first officer on the scene. He told you he was called to that area because there was a female screaming. And what had [the victim] said? She said that when this was going on she was screaming. It substantiates what she said."
In Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989), this court held:
[W]e emphasize that it is not a sufficient justification for the introduction of incriminating hearsay that the statement explains or justifies an officer's presence at a particular location or some action taken as a result of the hearsay statement. There is a fine line that must be drawn between a statement merely justifying or explaining such presence or activity and one that includes incriminating (and usually unessential) details. Our reasoning is further supported by the following explanation from McCormick on Evidence (3d ed. 1984):
However, one area of apparently wide-spread abuse should be noted. In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of is presence and conduct. His testimony that he acted "upon information received," or words to that effect, should be sufficient. Nevertheless, cases abound in which the officer is allowed to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports, on the ground that he was entitled to give the information upon which he acted. The need for the evidence is slight, the likelihood of misuse great.
The Supreme Court recently agreed with Harris in State v. Baird, 572 So.2d 904 (Fla. 1990).
The contents of the BOLO of reports of a female screaming were an important element in this case because it was used as evidence to contradict appellant's consent defense. It was not necessary for a logical sequence of events. The officer could have simply stated that he was dispatched to the area as a result of information received or a citizen complaint. After all, it matters not whether the officer was there as a result of a reported drug deal or because of a female screaming. What was important were his actions and observations as he approached and encountered appellant and the victim. Because the information was inadmissible hearsay, and was improperly used by the prosecuting attorney to prove the truth of the matter asserted, we conclude that the error was not harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Thus, this case must be remanded for a new trial.
For purposes of retrial, we also address one other issue raised. At trial appellant sought to challenge the victim's motive for accusing appellant. They were (1) her relationship with her parents; (2) prior cocaine use, and (3) that the father of her baby was in prison. With respect to points two and three we find no error. However, with respect to refusing to permit examination of her relationship with her family, we hold the trial court erred in refusing cross-examination on this subject.
The Sixth Amendment to the United States Constitution guarantees the right of an accused "to be confronted with the witnesses against him." In Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), it was held that "exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." 415 U.S. at 316, 94 S.Ct. at 1110. "The right to elicit facts tending to show bias or prejudice of a witness becomes even more important to a defendant in a criminal case ... where the jury must know of any improper *609 motives of a prosecuting witness in determining that witness' credibility." Brown v. State, 424 So.2d 950, 955 (Fla. 1st DCA 1983).
It is settled in this court that, for the purpose of discrediting a witness, a wide range of cross-examination is permitted as a matter of right in regard to his motives, interest, or animus as connected with the cause or the parties thereto....
Morrell v. State, 335 So.2d 836, 838 (Fla. 1st DCA 1976).
Two decisions illustrate the wide latitude permitted on cross-examination. In Taylor v. State, 455 So.2d 562 (Fla. 1st DCA 1984), defendant-inmate was charged with sexual battery on another inmate. On cross-examination of the victim defense counsel attempted to question him about other alleged attacks and whether he made complaints to get transfers or better treatment. The court did not permit these questions. The appellate court held this was error because they "could possibly show a motive for the witness to be untruthful." In Gamble v. State, 492 So.2d 1132 (Fla. 5th DCA 1986), cross-examination of a sexual battery victim about her relationship with her jealous boyfriend who was violent was held to be improperly limited.
Appellant sought to show that the victim's family had refused to support her throughout her recent pregnancy. Thus, it would be relevant to the victim's motivation to lie about whether she consented to sex with appellant to know that her family was extremely unhappy and not supportive of the results (pregnancy) of other non-marital sexual activity of their daughter and that the daughter might want to protect her recently revived relationship with her parents. Because this right of cross-examination is grounded in the Constitution's Sixth Amendment guarantee, the accused is given wide latitude as a matter of right, and necessarily the trial court's discretion to exclude such testimony is more restricted. On retrial therefore, appellant should be allowed to explore this area of bias or motive on the part of the victim.
We find no error in the other evidentiary point raised.
Reversed and remanded for a new trial.
STONE, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I agree with the reversal because of inadmissible hearsay, but disagree with the majority's decision which I perceive to be an unnecessary encroachment on the trial judge's discretion at retrial.
Appellant asserts that proffered testimony demonstrated the victim's motive to lie was (1) to save her relationship with her family with whom she was living with her baby and (2) to prevent possible charges of indecent exposure against her.
Although there is wide latitude in cross-examination, I believe the trial court did not abuse its discretion in this case.
Several years ago, I wrote a concurring opinion about the rape shield statute in Kaplan v. State, 451 So.2d 1386 (Fla. 4th DCA 1984), and suggested: "The implementation of the new Florida statute depends upon the sensitivity of the trial judge." Id. at 1389. The right of cross-examination is as important a shield as the rape shield statute; and the sensitive trial judge will carefully weigh the scales. This trial judge, in my view, did just that.