622 So.2d 19 (1993)
James KLEPAK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1221.
District Court of Appeal of Florida, Fourth District.
June 30, 1993.
Rehearing and Rehearing Denied August 27, 1993.
*20 Pamela I. Perry of Bierman, Shohat, Loewy & Perry, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied August 27, 1993.
PER CURIAM.
We affirm all issues and write only to express our strong disapproval of the remarks made by the Assistant State Attorney, Alberto Milian, about the jurors who returned a verdict finding the defendant guilty of lesser included misdemeanors, and not the felonies with which he was charged.
After the jury was discharged, Mr. Milian argued that the defendant should be remanded to the custody of the sheriff for a presentence investigation. When the court expressed its disagreement, because the defendant was only found guilty of misdemeanors, Mr. Milian argued to the court that the jury was "made up of buffoons" and "lobotomized zombies," and suggested that this verdict was returned because they were "eating pizza or salads instead of deliberating." Mr. Milian said that this jury was "a classic reason I don't believe in the jury system."
A few days later Mr. Milian's picture and a large article were in the Sunday Fort Lauderdale Sun-Sentinel stating that he had referred to the jurors as "buffoons ... morons ... jerks ... and lobotomized zombies." Prior to the article, the fact that Mr. Milian had said these things had been reported to one of the jurors who was quoted in the newspaper article as saying she was very upset and planned to complain to the Florida Bar. She said his remarks made "us feel like pieces of dirt."
Even if this had been one isolated instance of an emotional outburst, Mr. Milian's conduct would be deplorable. Unfortunately this incident was not isolated (see Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993). In case Mr. Milian is unaware of it, "prosecutors are also members of the Bar, bound by the same rules and the same disciplinary process which apply to all lawyers." Jackson v. State, 421 So.2d 15, 17 (Fla. 3d DCA 1982).
Rule 4-8.2(a) of the Rules of Professional Conduct provides:
(a) Impugning Qualifications and Integrity of Judges or Other Officers. A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, mediator, arbitrator, adjudicatory officer, public legal officer, juror or member of the venire, or candidate for election or appointment to judicial or legal office.
In Stewart v. State, 51 So.2d 494, 495 (Fla. 1951), the court stated:
Under our system of jurisprudence, prosecuting officers are clothed with quasi judicial powers and it is consonant with the oath they take to conduct a fair and impartial trial. The trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament. It imposes an added burden on the taxpayers *21 for court expenses and clutters the docket of this court with unnecessary appeals.[1]
Prosecuting attorneys must be particularly careful to avoid remarks or conduct which might influence juries beyond the evidence. Haager v. State, 83 Fla. 41, 90 So. 812 (1922). Although the remarks in the present case came immediately following the jury verdict, and could therefore have had no effect on this jury's verdict, their publication could certainly make future jurors reluctant to serve or acquit.
Affirmed.
FARMER and KLEIN, JJ., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] Defendant argues on this appeal that Mr. Milian's remarks, and the subsequent publicity which was given to them, turned this case into a "cause celebre", which improperly intimidated the court into giving defendant a stiffer sentence than the conviction and presentence investigation warranted.