PER CURIAM.
Defendant was convicted of sexual battery, battery on a law enforcement officer, and resisting an officer with violence. We reverse.
Over defendant’s hearsay objection, the court permitted the arresting officer to testify that he had been advised to be on the lookout for suspects regarding a “possible rape and abduction”. Although there are circumstances in which some of the information in a dispatch to police officers is admissible to explain why the officers were at a particular place at a particular time, the inclusion of the description of the alleged crime in this case was not only unnecessary but highly prejudicial. The admission of this hearsay was therefore erroneous. Jones v. State, 577 So.2d 606 (Fla. 4th DCA 1991); Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989).
Defendant also correctly argues that the court erred in giving a flight instruction. Fenelon v. State, 594 So.2d 292 (Fla.1992); Smith v. State, 598 So.2d 1063 (Fla.1992).
We therefore reverse for a new trial.
GLICKSTEIN, C.J., KLEIN, J., and WALDEN, JAMES H., Senior Judge, concur.