371 So.2d 224 (1979)
Eugene BLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1912.
District Court of Appeal of Florida, Second District.
May 25, 1979.
Jack O. Johnson, Public Defender, and James R. Wulchak, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
On this appeal from his conviction and sentence for battery, appellant contends that the trial court erred in not allowing defense counsel to cross-examine the alleged victim as to whether he, as well as appellant, had been arrested as a result of the incident in question. We agree and reverse.
The testimony adduced at trial established that on the evening of June 13, 1978 appellant and two companions, Jerry Haynes and Brenda Bush, approached one Renato Castahile, a salesman at the Chick Smith Ford dealership in Clearwater, to inquire about the possible purchase of a Thunderbird automobile. Castahile showed *225 them an automobile on the lot. An argument ensued between appellant and Castahile. Castahile testified that he did not yell anything at appellant and did not touch appellant during the initial phase of the argument. However, other witnesses testified that Castahile not only yelled profanity and racial slurs at appellant, but also engaged in a shoving match with appellant.
According to Castahile and during the argument, appellant reached into the waistband of his trousers and pulled out a shiny metal object, which Castahile claimed was a razor blade. Castahile testified appellant lunged at Castahile with the object and cut Castahile's arm and pants pocket.
Thereafter, the record reflects, Castahile retreated to the office, but returned to the scene three to four minutes later, brandishing a baseball bat and gave chase to appellant. Appellant, facing Castahile, walked backwards from the car lot and moved into and across the street to another car lot where Castahile struck appellant in the back with the bat. Appellant fell down, got back up and ran off. Castahile, however, followed him approximately half a block, still carrying the bat.
Appellant's companion, Jerry Haynes, came to appellant's aid, but was also struck by Castahile with the bat. Castahile dropped the bat when he hit Haynes. Brenda Bush, appellant's other companion, retrieved it. She began swinging the bat at the seven or eight other salesmen who were approaching to aid Castahile. One of the salesmen was carrying a two-by-four board. In the meantime, another salesman punched Haynes in the face.
The police arrived on the scene, broke up the fight and arrested appellant.
Pursuant to the State's motion in limine, the trial judge refused to allow defense counsel to question Castahile whether he, himself, had also been arrested for or charged with striking appellant or either of his companions during the altercation. Defense counsel was prepared to proffer the testimony of a Police Officer Dean to justify the question.
The challenged ruling precluded appellant from demonstrating Castahile's possible bias or partiality. A defendant should be afforded wide latitude to demonstrate bias or a possible motive of the witness to testify as he has. Kirkland v. State, 185 So.2d 5 (Fla. 2d DCA 1966). This is especially true when the defense seeks to cross-examine a state witness regarding pending charges or matters arising out of the same incident for which the defendant is on trial. Lutherman v. State, 348 So.2d 624 (Fla. 3d DCA 1977); Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977).
While the general rule is that witnesses may not be interrogated as to prior arrests or pending charges, but only as to prior convictions, this prohibition against evidence as to charges pending against a witness does not apply where the pending charges arise out of the same episode giving rise to the charges on which the defendant is being tried. Fulton v. State, 335 So.2d 280, 283 (Fla. 1976).
While it may be true, as the State suggests, that the fight alone was reason enough for Castahile to dislike appellant and to wish to see appellant convicted, the fact that the conviction of appellant could affect the disposition of the charges against Castahile could well have given rise to an additional motive for Castahile's testimony, a motive which the defense was entitled to attempt to develop on cross-examination.
Accordingly, the judgment and sentence against appellant are REVERSED and the cause REMANDED for a new trial.
BOARDMAN, A.C.J., and DANAHY, J., concur.