HOBSON, Acting Chief Judge.
Rafael Sanchez was indicted and charged with conspiracy to deliver a quantity of cannabis in excess of 100 pounds. He filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), which the trial court granted. The State appeals the dismissal. We affirm.
Sanchez’ motion, which the State did not traverse, recited facts derived solely from the sworn deposition of co-defendant, Larry McFarlane, as follows:
1. McFarlane does not speak or understand the Spanish language.
2. McFarlane never spoke to Sanchez in English, nor did Sanchez speak English in McFarlane’s presence. So far as McFarlane knows, Sanchez does not speak English.
3. On or about August 24, 1978, at various locations around Hilton Head, South Carolina, Sanchez was present with other people, including McFarlane.
4. On this occasion, McFarlane conversed in English with co-defendants regarding marijuana off-load sites in the area. Sanchez participated in conversations in Spanish which McFarlane did not understand.
5. McFarlane does not know what was said to Sanchez in Spanish and does not know what Sanchez said to anyone present.
6. When McFarlane heard Spanish being spoken, he did not know what was being said, whether Sanchez was making a remark, a statement or asking a question.
7. McFarlane never spoke to Sanchez directly, but used one of the Spanish speaking individuals present as an interpreter. One exception occurred when Sanchez expressed a desire to leave and McFarlane made arrangements for Sanchez to return to Miami on a private plane.
8. McFarlane does not know why Sanchez was present at Hilton Head.
9.On or about October 26, 1978, McFar-lane was present at a meeting in Miami at which several people, including Sanchez, were present. McFarlane was paid advance money at that time by another individual. McFarlane did not know why Sanchez was present at the meeting except that he engaged in some Spanish conversation. McFarlane does not know what was said in Spanish or to whom the comments were directed.
A motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) should ascertain whether the facts on which the State relies to constitute the crime charged, and on which it will offer evidence to prove it, establish as a matter of law a prima facie case of guilt against the accused. State v. Davis, 243 So.2d 587 (Fla.1971).
Based on the facts as set out in Sanchez’ motion, and viewed in a light most favorable to the State, we hold that the trial court correctly determined that the State failed to establish a prima facie case of guilt against Sanchez.
Sanchez’ physical presence in the general area, without more, is insufficient as a matter of law to establish his participation in the conspiracy. Honchell v. State, 257 So.2d 889 (Fla.1971); Daly v. State, 297 So.2d 842 (Fla. 2d DCA 1974). We affirm the order of dismissal.
AFFIRMED.
BOARDMAN and DANAHY, JJ., concur.