442 So.2d 265 (1983)
Matthew Alan LAVETTE and Darryl Brent Adams, Appellants,
v.
STATE of Florida, Appellee.
Nos. AO-389, AO-412.
District Court of Appeal of Florida, First District.
November 16, 1983.
Rehearing Denied December 14, 1983.
*266 Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant Darryl Brent Adams.
R. Vinson Barrett of Barrett, Bajoczky & Barrett, Tallahassee, for appellant Matthew Alan Lavette.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
In these consolidated appeals, Lavette and Adams contend the trial court erred in denying the motion for judgment of acquittal as to the conspiracy charge; in refusing to compel a state witness, Doug Boyd, to answer deposition questions concerning his alleged drug use or alternatively to exclude use of his testimony at trial by the state; and in refusing to allow the defense to cross-examine Boyd with respect to his use of proceeds of the theft to buy drugs and his increased use of drugs immediately following the theft. We reverse in part and remand for a new trial.
Appellants were convicted of grand theft of $53,000 from the Barnett Bank and conspiracy to commit grand theft. The conspiracy charge involved an incident entirely separate from the one in which $53,000 was taken in September, 1981. The sole evidence introduced with regard to the conspiracy charge was Boyd's testimony that in late July or early August, 1981, Lavette approached him and offered to pay him $1000 if he would cover up missing funds in the amount of $90,000. According to Boyd, Lavette said he had set aside that amount of the bank's money. Boyd refused to cover up the missing funds because he thought the alteration of bank records could be traced. Boyd also testified that the day after Lavette approached him, Adams asked him why he could not do it. This evidence is insufficient to show the existence of a conspiracy between Lavette and Adams to steal $90,000. Both an express or implied agreement and an intention to commit an offense are necessary elements of conspiracy, Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied 383 So.2d 1201 (Fla. 1980), and Boyd's testimony that Adams asked him why he could not do it is not sufficient to show agreement and intent. See Schueren v. State, 370 So.2d 83 (Fla. 1st DCA 1979) overruled in part on other grounds in Parker v. State, 406 So.2d 1089 (Fla. 1981). Boyd's testimony provides circumstantial evidence, which can be used to show agreement and intent; however, the evidence is not such as to exclude a reasonable hypothesis of innocence. The motion for judgment of acquittal as to the conspiracy charge should have been granted.
Boyd also provided the primary evidence against Adams and Lavette as to the grand theft charge. He testified that on September 29, 1981, Adams showed him a check for $53,000 and asked him to alter computer records in order to cover up the theft of that amount. This time, Boyd said, he cooperated and received one-third of the amount taken. When the defense took Boyd's deposition prior to trial, he refused to answer questions about his use of cocaine, *267 marijuana, and other narcotics, asserting his fifth amendment right against self-incrimination. Originally the prosecutor objected to the questions asked of Boyd, then Boyd's own attorney instructed him not to answer. The defense filed pretrial motions to compel discovery and for disclosure of favorable evidence regarding Boyd's drug use from July to October, 1981, and his use of the money received from the theft, or alternatively to exclude Boyd's testimony at trial. Appellants contend that due to the denial of these motions they were unable to prepare effectively to impeach the state's main witness against them or to lay a foundation for expert testimony regarding the effect of Boyd's drug use on his credibility. As it turned out, Boyd waived the right at trial and testified to some extent about his drug use, thus appellants argue the state clearly did not intend to prosecute Boyd for drug related offenses and could have granted him immunity in time for a useful deposition to have been taken.
Since we are reversing and remanding for a new trial due to another error, on retrial the same problem will not exist since Boyd has waived his fifth amendment right. However, the trial court did not err in denying the pretrial motions. As noted in State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981), the state is not ordinarily obliged, on pain of dismissal, or in this case exclusion of the key witness's testimony, to produce prosecution or defense witnesses for deposition or trial. The Mesa court referred to discussions of similar problems in United States v. Turkish, 623 F.2d 769 (2d Cir.1980), and Government of the Virgin Islands v. Smith, 615 F.2d 964 (3d Cir.1980), noting that the courts which have approved requiring immunity to be granted witnesses who invoke the fifth amendment have done so in very limited situations. One of the conditions outlined in Smith for requiring a grant of immunity is that the proffered testimony is clearly exculpatory. Even if we were to adopt the Smith requirement of immunity, that condition is not met in the present case. See also State v. Harris, 425 So.2d 118 (Fla. 3d DCA 1983), State v. Reeves, ___ So.2d ___ (Fla. 2d DCA 1983) [8 FLW 2457].
Appellants' third point on appeal is that the trial court improperly limited cross-examination of Boyd, a participant in the theft of September 29, 1981 and the key witness against them. We agree and reverse and remand for a new trial of the grand theft charge. The proffered testimony showed that after the theft, Boyd spent a great deal of money, approximately $4,000 in a relatively brief period of time, on a variety of illegal drugs "because he could afford it"; however, the trial judge limited cross-examination to Boyd's drug use during conversations with appellants up to the date of the theft, September 29, 1981. The cross-examination which was permitted was useful with regard to impeachment of Boyd's ability to recall and testify accurately about those conversations, but defense counsel had an additional purpose, which was raised before the trial judge, for wanting to cross-examine Boyd about his drug use and heavy expenditures on drugs after the theft. The defense theory was that Boyd himself, or with someone other than appellants, committed the offense without any inducement or persuasion by Adams and Lavette. Under this theory, the evidence regarding his heavy drug use and expenditures was relevant to show his motive for committing the offense and for testifying against appellants, and as appellate counsel phrased it, "to open up inquiry into the possibility that Boyd may have spent considerably more money than the $4000 he was willing to admit to, and perhaps more than the one-third share he claimed to have gotten from Adams and Lavette." There was testimony indicating that when Boyd first spoke with police about the incident, appellants' names were mentioned to him, therefore the defense position was that Boyd merely told police what they wanted to hear  that appellants were involved. This court has stated that "[g]reat latitude should be allowed in the cross-examination of an accomplice who testifies for the prosecution." Powe v. State, 413 So.2d 1272 (Fla. 1st DCA 1982). *268 The defense should be allowed wide latitude to demonstrate bias or possible motive for a witness's testimony, Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980); Harmon v. State, 394 So.2d 121 (Fla. 1st DCA 1980); Blair v. State, 371 So.2d 224 (Fla. 2d DCA 1979). Any evidence tending to establish that a witness is appearing for the state for any reason other than to tell the truth should not be kept from the jury, Holt v. State, 378 So.2d 106 (Fla. 5th DCA 1980).
The judgment and sentence for conspiracy to commit grand theft is REVERSED. The judgment and sentence for grand theft is REVERSED and REMANDED for a new trial.
LARRY G. SMITH and WENTWORTH, JJ., concur.