455 So.2d 1131 (1984)
Israel C. GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 83-914.
District Court of Appeal of Florida, Second District.
September 19, 1984.
Joel Kaplan, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant appeals his conviction for conspiracy to traffic in cocaine, contending that the evidence was insufficient to support his conviction. We agree and reverse.
The state's principal witness was a man named Haberman, and the facts here related are all that can be gleaned from his testimony regarding the defendant's participation in the drug offense giving rise to this prosecution. A detective named Selzer of the Sarasota Police Department negotiated with Haberman for the purchase of a kilo of cocaine. Haberman revealed to Selzer that his "man" or supplier was Umberto Urquiza, the defendant's alleged co-conspirator. Haberman contacted Urquiza and told him that he had a buyer. Urquiza then arrived in Sarasota, where Haberman met him and led him to a lounge called "Marina Jacks." The defendant was with Urquiza at this time but Haberman did not expect him and did not know who he was.
After arriving at Marina Jacks, Haberman, Urquiza and the defendant went inside, sat down at a table, and ordered drinks. Haberman and Urquiza discussed the proposed cocaine transaction with Selzer. Haberman testified that he and Urquiza conversed in low voices and he could not say whether the defendant heard any of their conversation. Haberman's conversation with the defendant consisted only of small talk.
Subsequently, Haberman, Urquiza and the defendant went to the Rodeway Inn where Haberman rented a room using the name "Green." When the three arrived at the room assigned to "Green," Haberman asked Urquiza for a sample of cocaine which Haberman subsequently delivered to Selzer. Haberman testified that the defendant was present when Urquiza opened *1132 a bag and retrieved the sample, but that the word "cocaine" was not mentioned at that point.
Thereafter, Haberman left the room at the Rodeway Inn, met Selzer, delivered the sample, and looked at Selzer's money. Haberman called Urquiza to tell him that the money was all right. Haberman then returned to the motel room. On the way he ran into the defendant and they walked to the room together. Once inside the room, Haberman and Urquiza removed a kilo of cocaine from a paper bag and wrapped it in a towel. When questioned as to whether they did this in view of the defendant, Haberman testified that he and Urquiza were facing the sink with their backs to the room and he could not tell if anyone could see. At that time, he said, the defendant was sitting on a bed watching television. Haberman testified that he talked only to Urquiza. He also testified that he had no idea why the defendant was there.
After Urquiza gave Haberman the cocaine, Haberman delivered it to Selzer and was arrested. After his arrest, police officers went to the Rodeway Inn to see if they could locate any individuals connected with Haberman. They demanded entry into the room occupied by Haberman, Urquiza and the defendant. The defendant opened the door and was arrested. A search of Urquiza's rented automobile revealed a lease agreement with his name on it. A check for fingerprints was made on the cigarette package used to deliver the sample of cocaine and the package containing the kilo. None of the defendant's fingerprints was found.
Both Urquiza and the defendant were charged in two count informations with trafficking in cocaine and conspiracy to traffic in cocaine. The proceedings against them were consolidated and they were tried together. At the close of the state's case, the defendant moved for a judgment of acquittal, which was denied. The jury returned a verdict of innocent as to the trafficking charge against the defendant, but guilty of the charge of conspiring to traffic in cocaine. The defendant was adjudicated guilty and sentenced to fifteen years. This appeal followed.
We start our analysis by repeating the elements of the crime of conspiracy. A conspiracy is an express or implied agreement or understanding between two or more persons to accomplish a criminal offense. § 777.04(3), Fla. Stat. (1983). Both an agreement and an intention to commit the offense are necessary elements, and both may be proved by circumstantial evidence. We have searched the record in this case and have studied Haberman's testimony in particular, and we can find no sufficient circumstantial evidence to support the defendant's conviction of conspiracy.
A line of cases holds that mere presence at the scene of an offense is insufficient to establish a conspiracy. Honchell v. State, 257 So.2d 889 (Fla. 1971); Beke v. State, 423 So.2d 417 (Fla. 2d DCA 1982); State v. Sanchez, 398 So.2d 847 (Fla. 2d DCA 1981); Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980); Tomlin v. State, 333 So.2d 500 (Fla. 2d DCA 1976). The evidence in this case established no more than the defendant's presence while acts were taken in furtherance of the cocaine transaction  actually, no more than his apparent association with Urquiza. There is nothing in the record revealing the significance of that association, and no evidence from which a guilty association may be inferred.
For the foregoing reasons, we reverse the defendant's conviction and remand with directions that he be discharged.
RYDER, C.J., and OTT, J., concur.