516 So.2d 285 (1987)
Wilmon EDWARDS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 86-1495.
District Court of Appeal of Florida, Second District.
November 13, 1987.
Rehearing Denied December 4, 1987.
*286 James Marion Moorman, Public Defender, Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Wilmon Edwards appeals his judgment and sentence for conspiring with Brenda Young to sell or deliver cocaine. He argues that the trial court erred in denying his motion for judgment of acquittal. We agree.
Brenda Young was asked by officers of the Sebring Police Department to act as a confidential informant and make a controlled buy of an eighth of cocaine from an Al Joe in Sebring. Upon her arrival in Sebring, Young was unable to find Al Joe. However, she was directed by a young man to Al Joe's brother, the appellant. Young told the appellant what she wanted, and he informed her that Al Joe was at the dog track and would be back around midnight. The appellant then left the room and came back with a plastic bag with white powder in it. He told Young the powder was cocaine. However, he did not offer to sell the substance to Young and she did not offer to buy it, as her instructions were to buy only from Al Joe. The two discussed the price of the amount Young wanted to buy from Al Joe. The appellant then told Young that Al Joe might return about 12:30. Young left and was instructed by the law enforcement officer with whom she was working that she could buy the cocaine from the appellant. When Young returned the appellant told her he could not do anything for her and she would have to see Al Joe, who had not yet returned.
The appellant was charged by an amended information which read in pertinent part as follows: "Wilmon Edwards, Jr., and Brenda Young, on the 14th day of January, 1986, ... did agree, conspire, combine, and confederate together to commit an offense, to-wit [sic]: to unlawfully sell or deliver a controlled substance, to-wit [sic]: Cocaine, in violation of Sections 893.13 and 774.04, Florida Statutes... ."
The offense of conspiracy consists of an express or implied agreement between two or more persons to commit a crime and the intention to commit a crime. Gonzalez v. State, 455 So.2d 1131 (Fla. 2d DCA 1984). These elements of conspiracy may be established by circumstantial evidence. Id. However, when one of two persons charged with a conspiracy is a government agent, the other person may *287 not be convicted of the conspiracy. King v. State, 104 So.2d 730 (Fla. 1958); LaPolla v. State, 504 So.2d 1353 (Fla. 4th DCA 1987).
It is evident from the information filed in this case that only two persons were charged with conspiracy, the appellant and Brenda Young. Because Young was a confidential informant working with the Sebring Police Department, the appellant's conviction cannot stand. King.
Furthermore, if the appellant had been properly charged with conspiring with Al Joe to sell or deliver cocaine, the evidence would not have supported his conviction. The state argues that the facts show that the appellant represented to Young that he could arrange for the sale of cocaine by Al Joe to Young. However, Young testified that the bottom line was that the appellant told her she would have to deal with Al Joe, and the tapes of her conversations with the appellant (Young was wearing a concealed electronic listening device) contain nothing to contradict her testimony. Telling someone seeking to purchase cocaine that she will have to deal with another individual and only advising her of the time that other individual is expected to return is not evidence of an agreement, conspiracy, combination, or confederation with that other individual to sell or deliver cocaine. See § 777.04(3), Fla. Stat. (1985).
Accordingly, we reverse the appellant's conviction and remand with directions that he be discharged. Because of our disposition of this cause we do not reach the appellant's argument regarding costs.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.