LEHAN, Acting Chief Judge.
Defendant cross-appeals from his convictions and sentences for trafficking in cocaine and possession of a firearm during the commission of a felony. He contends that the trial court erred in admitting, for the purpose of showing defendant’s predisposition to commit the crimes charged and thus to defeat his defense of entrapment, evidence of criminal acts committed subsequent to the acts for which he was charged. We agree with that contention and reverse. Evidence of acts approximately six months subsequent to the time of the charged crimes was not relevant to prove predisposition to commit those crimes. See Bauer v. State, 528 So.2d 6, 8 (Pla. 2d DCA 1988). No other relevancy of that evidence is specifically argued by the state, or appears to us, to have existed. The evidence was irrelevant, and therefore its admission into evidence was presumptively harmful error. See Straight v. State, 397 So.2d 903, 908 (Fla.1981). We cannot conclude that the erroneous admission of that evidence did not contribute to the convictions. See DiGuilio v. State, 491 So.2d 1129 (Fla.1986). The convictions for trafficking in cocaine and possession of a firearm during the commission of a felony are therefore reversed, and the cause is remanded for a new trial as to those crimes.
Defendant also cross-appeals from his conviction and sentence for conspiracy to traffic in cocaine. We are not convinced that there was not sufficient evidence of a conspiracy existent with an alleged co-conspirator before the alleged co-conspirator became a government agent. Compare Edwards v. State, 516 So.2d 285 (Fla. 2d DCA 1987). Nonetheless, we cannot conclude that the jury was not improperly influenced by the above described erroneously admitted evidence. The conviction for conspiracy to traffic in cocaine is therefore reversed, and the cause is remanded for a new trial as to that crime.
The state’s contention on appeal is moot.
Reversed and remanded for a new trial.
THREADGILL and ALTENBERND, JJ., concur.