HALL, Acting Chief Judge.
The appellant, Roy Webster, challenges his convictions for trafficking in cocaine and conspiracy to traffic in cocaine. He raises three issues on appeal; however, we find merit only in his contention that the trial court erred in denying his motion for judgment of acquittal on the conspiracy charge. We, therefore, reverse on that issue only.
A conspiracy is an express or implied agreement or understanding between two or more persons to accomplish a criminal offense. Gonzalez v. State, 455 So.2d 1131, 1132 (Fla. 2d DCA 1984). Both an agreement and an intention to commit the offense are necessary elements to support a conviction for conspiracy. Id. To establish proof of conspiracy to traffic, the state has the burden of proving the intent of a second nonpolice person as a part of the conspiracy. O’Connor v. State, 590 So.2d 1018, 1020 (Fla. 5th DCA 1991). See also Edwards v. State, 516 So.2d 285 (Fla. 2d DCA 1987). Since conspiracy is a substantive crime that is separate and distinct from the offense which underlies it, see State v. Bryson, 380 So.2d 468 (Fla. 2d DCA 1980), an accused’s mere presence at the scene of an offense is insufficient to establish guilt of conspiracy to commit that offense, see Gonzalez, 455 So.2d at 1132.
Though the instant record shows that a confidential police informant had some remote contact with Webster wherein he advised Webster that he wished to obtain cocaine to sell in Alabama, the record fails to establish any agreement or arrangement between Webster and a nonpolice person to effect the same intent. While the confidential informant did enlist the help of an acquaintance to identify willing cocaine sellers — and that acquaintance identified Webster as such — the record fails to establish any particular arrangement between Webster and that acquaintance. Further, Webster’s participation in the actual drug sale at issue “establishfes] no more than the defendant’s presence while acts were taken in furtherance of the cocaine transaction.” Gonzalez, 455 So.2d at 1132. Thus, based on the foregoing, the evidence in the instant case was insufficient to support Webster’s conviction for conspiracy. Webster’s motion for judgment of acquittal as to the conspiracy charge should, therefore, have been granted.
Accordingly, we reverse Webster’s conviction for conspiracy to traffic in cocaine. Webster’s judgment and sentence as to his trafficking conviction are otherwise affirmed.
Reversed in part; affirmed in part.
PATTERSON and LAZZARA, JJ., concur.