709 So.2d 136 (1998)
Kasai McCLAIN, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 96-3794.
District Court of Appeal of Florida, First District.
March 18, 1998.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Timothy A. Freeland, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges his conviction for conspiracy to traffic in cocaine. The State cross-appeals an evidentiary ruling made by the trial court during appellant's trial. Finding that there was insufficient evidence that appellant conspired to traffic in cocaine, we reverse his conviction. Under the facts of this case, we dismiss the State's cross-appeal without further comment. See United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).
*137 The State charged that appellant conspired with several others to traffic in more than 400 grams of cocaine (count one) and with being a principal to trafficking in more than 400 grams of cocaine, (count two) in violation of section 893.135, Florida Statutes.[1]
At trial, the State adduced the following evidence against appellant: several customers testified that appellant had sold them numerous small amounts of crack cocaine; some of these customers testified that appellant and codefendant Michael McQueen had a close business relationship and that the cocaine that both sold had a distinctive color; partially destroyed "owe sheets" were introduced that suggested that appellant had acquired cocaine from McQueen for resale; a witness testified that McQueen had had meetings with coconspirator Frederick Donald Griffin wherein money had apparently been exchanged for quantities of cocaine; the results of a search of Griffin's residence suggested that it was used to manufacture crack cocaine; a laboratory report showed that a beaker seized in Griffin's apartment contained 251 grams of water in which was also a small, but unmeasured, amount of cocaine;[2] and police officers testified that they seized other cocaine at Griffin's residence weighing approximately 36.6 grams.
After the close of the State's case-in-chief, the trial court granted a partial judgment of acquittal, ruling that there was insufficient evidence of a conspiracy to traffic in more than 400 grams of cocaine, but that there was sufficient evidence of between 200 and 400 grams of cocaine.[3] The jury found appellant guilty of conspiracy to traffic in 200 to 400 grams of cocaine in count one, and of the lesser included offense of sale of cocaine in count two (that conviction is not challenged on appeal).
To prove a charge of conspiracy to traffic in cocaine, the prosecution must prove that there was an express or implied agreement or understanding between two or more persons to deliver or sell the cocaine in the proscribed quantity. Spera v. State, 656 So.2d 550 (Fla. 2d DCA 1995); Webster v. State, 646 So.2d 752 (Fla. 2d DCA 1994). The state may prove the elements by circumstantial evidence, Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991), but must prove the intent to conspire, the intention to commit the offense, and the existence of the agreement. State v. Adkins, 553 So.2d 294 (Fla. 1st DCA 1989); Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983) rev. denied, 449 So.2d 265 (Fla.1984). Conduct that aids and abets an offense is insufficient to prove conspiracy. McCants v. State, 587 So.2d 673 (Fla. 1st DCA 1991).
In this case, the State introduced insufficient evidence of a conspiracy between appellant and Griffin; thus, the trial court should have granted the motion for judgment of acquittal as to count one. The State had considerable evidence from which the jury could have concluded that appellant and McQueen conspired to sell cocaine, but had no evidence of any particular quantity of contraband. Conversely, the State adduced evidence (challenged on appeal, but moot in this case, as noted above) that Griffin possessed more than the proscribed amount of cocaine, but adduced no evidence that appellant was ever involved in any kind of agreement with Griffin to traffic in cocaine.
The State's position is that because appellant had dealings with McQueen and *138 McQueen had dealings with Griffin, there was circumstantial evidence, at least, that appellant and Griffin were in league. We reject this argument because there was no evidence, circumstantial or direct, that would even give rise to an inference that Griffin and appellant were even aware of each other's existence, let alone that they were part of any express or implied agreement with each other.
It is error to submit to the jury an issue wherein the proof is based solely on circumstantial evidence where there is no substantial, competent evidence to rebut every reasonable hypothesis of innocence, see, e.g., Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 265 (Fla. 1984); moreover, there must be evidence that is consistent with a hypothesis of guilt. See, e.g., LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987). In this case, the evidence, interpreted most favorably to the State, merely showed that Griffin made the cocaine and sold it to McQueen, who distributed it to appellant, who sold it on the street.
Thus, the State adduced no substantial, competent evidence that rebutted the reasonable hypothesis that McQueen was a true middle-man, acquiring the product from Griffin and passing some of it to appellant for distribution to the public, without either the seller or manufacturer being aware of the other's identity.[4] In fact, the State's evidence did not even prove a reasonable hypothesis of guilt, at least so far as a conspiracy between appellant and Griffin to traffic in cocaine. While the State's commitment to the battle against illegal narcotics is understandable and commendable, we are obliged to follow the requirements of law that a conspiracy must involve a transaction or relationship between the conspirators beyond mere association with the same individual.
Accordingly, we reverse the conviction for conspiracy to traffic in cocaine, vacate the sentence as to count two, and remand with instructions that appellant be resentenced on count two only; of course, a new sentencing guidelines scoresheet should be prepared to reflect the conviction on a single count. As noted above, we dismiss the State's cross-appeal, and we do not address the other issues appellant raised, as they are moot.
MINER, ALLEN and WEBSTER, JJ., concur.
NOTES
[1] Section 893.135(1)(b)1., Florida Statutes (1995), defines trafficking as "sell[ing], purchas[ing], manufactur[ing] deliver[ing] ... bring[ing] into this state or [possessing] more than 28 grams of cocaine ... or any mixture containing cocaine..." Section 893.135(5), states:

Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he had actually committed such a prohibited act.
§ 893.135(5), Fla. Stat. (1995).
[2] Appellant challenges the ruling that the contents of the beaker could establish the requisite amount, but because of our holding as to conspiracy, we need not reach that issue. Likewise, we need not address the discovery issue also raised by appellant.
[3] The State argued below that the requisite proscribed amount could be proved by the aggregate amount of cocaine sold on the street and by the amount seized in Griffin's residence. The trial court rejected the first theory. It is this ruling that the State challenges on cross-appeal.
[4] Indeed, it is more plausible to conclude that McQueen would wish to keep his sales force ignorant of the manufacturer's identity, lest those in the field attempt to cut him out of the transaction altogether.