441 So.2d 1169 (1983)
Leamon T. COX, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2351.
District Court of Appeal of Florida, Fourth District.
November 30, 1983.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
We are asked to decide whether the trial court impermissibly restricted cross-examination of a key prosecution witness and, if so, whether the error requires reversal. We answer both questions in the affirmative.
Leamon Cox was charged with attempted first degree murder of his "common-law wife" Lois. Additionally, he was charged with possession of a firearm while engaged in a felony offense. During cross-examination of Mrs. Cox, the defense attempted to show that Mrs. Cox had filed a civil suit to divide their personal property and adjudicate the custody of their son. The state objected on grounds of relevancy. Initially, the trial court limited its ruling by excluding any reference to a recent contempt hearing. Later, however, the court expanded its ruling and prohibited any reference to the pending civil suit. This caused defense counsel to retract his question in the presence of the jury. Thereafter, during closing argument, the prosecutor contended that, aside from her injuries, Mrs. Cox had no interest in the outcome of the case.
It is fundamental that "[a]ll witnesses are subject to cross-examination for the purpose of discrediting them by showing *1170 bias, prejudice or interest... . This is especially so where a key state witness is being cross-examined." Jones v. State, 385 So.2d 132, 133 (Fla. 4th DCA 1980); accord Mendez v. State, 412 So.2d 965 (Fla.2d DCA 1982); Blair v. State, 371 So.2d 224 (Fla.2d DCA 1979); Brown v. State, 362 So.2d 437 (Fla. 4th DCA 1978). Furthermore, "the existence of a civil suit by a witness against a criminal defendant is relevant to show such potential bias in the criminal trial." Webb v. State, 336 So.2d 416, 418 (Fla.2d DCA 1976); see also Lombardi v. State, 358 So.2d 220 (Fla. 1st DCA 1978); Stradtman v. State, 334 So.2d 100 (Fla.3d DCA 1976), aff'd, 346 So.2d 67 (Fla. 1977); Bessman v. State, 259 So.2d 776 (Fla.3d DCA 1972). Consequently, it is clear that the trial court erred in restricting cross-examination.
The more difficult question is whether the error is harmless. At trial it was undisputed that Mr. Cox shot his wife and, thus, the inquiry focused on his state of mind  whether the shooting was premeditated, the act of a depraved mind or the result of an uncontrolled outburst of emotion and passion. Mrs. Cox was the only eyewitness to the entire episode; she alone viewed each moment of the event and heard every word of conversation. Thus, Mrs. Cox's testimony was crucial to the jury's classification of the offense and any impermissible limitation on her cross-examination must be strictly scrutinized. See Kirkland v. State, 185 So.2d 5 (Fla.2d DCA 1966). Her testimony, if believed and accepted in its entirety, would have supported a verdict of guilty of attempted first degree murder. The defendant's version, on the other hand, would have permitted conviction of a lesser offense. In fact, the jury opted for a lesser offense and returned a verdict of guilty of attempted second degree murder. We cannot know, however, whether the jury would have returned the same verdict had there been full cross-examination. Under these circumstances, we cannot say that the error in question was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Accordingly, the judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
DELL, J., and SIMONS, STUART M., Associate Judge, concur.