455 So.2d 458 (1984)
The CITY OF HIALEAH, a Municipal Corporation, Detective Martin J. Farraher, and Officer Barry G. Krane, Appellants,
v.
Stephen Arthur REHM, Kenneth Rehm and Isabel Rehm, Appellees.
No. 83-1816.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*459 Goodwin, Ryskamp, Welcher & Carrier and Fulvia A. Morris, Miami, for appellants.
Nathan & Williams and Martin L. Nathan, Miami, for appellees.
Before HENDRY, BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Appellants[1] seek review of an adverse money judgment in the amount of $25,000 entered by the trial court pursuant to a directed verdict on the issue of liability and a jury verdict on the issue of damages. The plaintiff's original action in the trial court sought damages for false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.[2]
Pursuant to a request by Burdines Management of the Westland Mall in Hialeah, the city assigned a tactical police team to monitor the restrooms in Burdines store for individuals who would mill about the restrooms observing other patrons and would engage in either acts of exposure or engage in sexual conduct with other individuals in the restroom. On the day in question, Stephen Rehm, a 14 year old, entered the men's restroom on at least four different occasions in a one-hour period during which time he did not use any of the facilities but rather wandered around looking at whoever was at the urinals and looking into the stalls through the crack in the doors. On each occasion he would stay *460 five to ten minutes. On one occasion he did enter a stall but there was no indication he had in fact used the facility. Finally the officers being of the opinion that he was guilty of loitering decided to get a field interview card on the plaintiff and explain to him the restroom was not a place to hang out. One of the officers followed the plaintiff out of the restroom and when he attempted to stop him, the boy ran. He was caught, arrested and charged with loitering and prowling. The charge was ultimately dismissed and dropped without prosecution. Thereupon, the plaintiffs brought the instant action seeking by their third amended complaint, damages for false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress. At the conclusion of the entire case the plaintiffs moved for a directed verdict on the premise that there was no testimony that the boy was about to approach anyone else or do anything that would cause the police to be concerned for the safety of others. The trial court granted the motions and directed a verdict for the plaintiffs on the issue of liability. This appeal is taken from the judgment entered pursuant to the jury verdict on the issue of damages.
We hold that the trial court erred in directing a verdict for the plaintiffs. The evidence raised an issue as to whether the officers had justifiable reason to believe the minor plaintiff was guilty of loitering in a semipublic place contrary to usual behavior. Reasonable men could reach different conclusions as to the minor plaintiff's conduct, therefore, that issue should have been submitted to the jury for its determination. Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Budgen v. Brady, 103 So.2d 672, (Fla. 1st DCA 1958).
It is axiomatic that directed verdicts should not be entered if the evidence is conflicting and permits different, reasonable inferences. Riccio v. Allstate Insurance Company, 357 So.2d 420 (Fla. 3d DCA 1978); Sparks v. Ober, 216 So.2d 483 (Fla. 3d DCA 1968). A motion for directed verdict should be granted only when the court, after viewing the evidence and testimony in the light most favorable to the nonmoving party (defendants in the case sub judice) concludes that the jury could not reasonably differ as to the existence of a material fact or inference and that the movant is entitled to judgment as a matter of law. Gates v. Chrysler Corporation, 397 So.2d 1187 (Fla. 4th DCA 1981); Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973). Where there is any evidence upon which a jury could lawfully find for the movant's adversary, a verdict should not be directed. Newsome v. St. Paul Fire & Marine Insurance Company, 350 So.2d 825 (Fla. 2d DCA 1977). The ultimate question then is whether there was any evidence upon which a jury could have lawfully found a verdict for defendants. Martin v. Thompson, 124 So.2d 744 (Fla. 3d DCA 1960).
The record reveals testimony concerning the officers' belief that the elements of the offense of loitering and prowling had been met by the activities of Stephen Rehm. The loitering and prowling statute, Section 856.021, Florida Statutes (1977) provides as follows:
"(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate *461 concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree ..."
The officers agreed the elements of the offense had been met by the minor plaintiff visiting the men's room four times in one hour looking at individuals using the facilities, peering into occupied stalls, when there were vacant stalls available, etc. They also agreed Farraher would afford plaintiff a reasonable opportunity to dispel their concern. After Farraher identified himself as a police officer, plaintiff "broke and ran" whereupon he was arrested.
"A police officer making an arrest for an alleged commission of a misdemeanor in his presence is not liable for false arrest if he has probable cause (or substantial reason) to believe the arrested person was committing a misdemeanor in his presence." Toomey v. Tolin, 311 So.2d 678, 681 (Fla. 4th DCA 1975). In determining the legality of the arrest in this cause, the determining factor is not whether the person charged was actually guilty, but whether or not the officer had substantial reason to believe that plaintiff was committing a misdemeanor. If substantial reason exists, the court cannot second guess the officer in the performance of his duty. City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960).
The jury could have concluded that the officers reasonably believed the misdemeanor of loitering and prowling had been committed in their presence. An arrest would have then been justified. State v. Outten, 206 So.2d 392 (Fla. 1968); City of Miami v. Albro, supra at 26.
A review of the record reveals that jury issues were presented both as to a) whether, when he placed Stephen Rehm under arrest, Detective Farraher in fact himself believed that the offense of loitering and prowling had been committed, [see Spicy v. City of Miami, 280 So.2d 419 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974)]; and b) whether, if so, there was a reasonable basis for that belief in the circumstances he observed. Spicy v. City of Miami, supra.
As to false arrest and false imprisonment, plaintiff was required to show that defendants, in procuring his arrest, exercised unlawful restraint and detained him against his will. Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981). The record in this case presents two distinct versions of the facts surrounding plaintiff's arrest. Under these circumstances, an issue of fact was presented as to whether probable cause existed upon which plaintiff should have been arrested.
The record contains conflicting evidence as to probable cause to arrest. This issue should have been properly submitted to the jury. Carson v. Brookshire, 440 So.2d 614 (Fla. 1st DCA 1983). The circumstances of the present case require the resolution of conflicting evidence, and the plaintiff's motion for directed verdict at the close of the evidence was therefore improperly granted.
The record discloses the existence of issues of fact and reasonable evidence upon which the jury could legally predicate a verdict in favor of the non-moving parties, Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3rd DCA 1977), therefore the cause is reversed and remanded for a new trial.
Reversed and remanded.
BASKIN, Judge (dissenting).
Because the trial court properly found that upon the undisputed testimony no probable cause to arrest existed as a matter of law, I respectfully dissent. The City of Hialeah saw fit to expend a substantial *462 amount of public monies by assigning a team of police to monitor restrooms at Burdines after receiving complaints that individuals were milling about observing other patrons, exposing themselves, or engaging in sexual conduct. The evidence shows that, at most, appellee entered a men's restroom four times within an hour, stayed five to ten minutes, looked into the stalls, and observed persons at the urinal. He neither approached any other patron nor exposed himself. One time he entered an empty stall and left without flushing. When appellee, a 14 year old juvenile, left the restroom, he was followed by an unidentified undercover police officer. He ran. His conduct was not unreasonable for a youth being pursued by a man after both had just left a restroom.
Nothing in appellee's behavior meets the judicial construction of the loitering and prowling statute of State v. Ecker, 311 So.2d 104 (Fla. 1975), necessary to save the statute from being declared unconstitutionally vague and overbroad. Ecker requires that
"the police officer ... be able to point to specific and articulable facts which, taken together with rational inferences from those facts [would] reasonably warrant" a finding that a breach of the peace is imminent or the public safety is threatened.
Id. at 109.
Here, the facts simply do not support a rational inference that a breach of the peace was imminent or that the public safety was threatened. The statute may not be used as a "catchall" criminal charge. Id. at 111. Milling around a restroom and observing other patrons by itself does not constitute a criminal offense, and is an insufficient basis for an arrest for loitering and prowling. Because the undisputed facts disclose an absence of probable cause for arrest as a matter of law, I would affirm the judgment in favor of appellee in his action to recover damages for false arrest and related claims.
NOTES
[1] Defendants in the trial court were the City of Hialeah (employer of the arresting officers); Officers Barry G. Krane and Detective Martin J. Farraher (the arresting officers); and Federated Stores d/b/a Burdines (which was granted a favorable final summary judgment and is not a party to this appeal).
[2] The plaintiffs in the trial court were Stephen Arthur Rehm (the minor plaintiff); Stephen Arthur Rehm (father of the minor plaintiff) and; Isabel Rehm (mother of the minor plaintiff).