572 So.2d 16 (1990)
Robert L. PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1198.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
*17 Peter Birch of Birch and Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Phillips was convicted of first degree murder. We reverse as it was error not to allow cross-examination of a key state witness, Lonnie Durham, concerning his probationary status at the time of the shooting.
The defense theory was that the victim, sitting in a car, was reaching for a gun when shot by the defendant. No gun was found. The victim had earlier threatened the defendant. There was evidence that Durham, who was sitting next to the victim, quickly left the car and ran into an adjacent field. Durham told the police that he had not removed a gun from the car following the shooting.
The defendant has a right to discredit a witness by showing bias, an interest, and a possible ulterior motive for his testimony. E.g., Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Watts v. State, 450 So.2d 265 (Fla.2d DCA 1984); Lavette v. State, 442 So.2d 265 (Fla.1st DCA 1983), pet. for rev. denied, 449 So.2d 265 (Fla. 1984). A condition of Durham's probation was that he not possess firearms. However, the trial court would not allow the defendant to cross-examine the witness about his probationary status. We cannot say that this error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We find no harmful error or abuse of discretion with respect to the other evidentiary issues raised.
The remaining issue, concerning the court's failure to excuse a prospective juror for cause, is now moot. The juror had expressed repeated uncertainty as to whether he could find the defendant not guilty, even if he had a reasonable doubt, if the defendant did not testify. However, we take this opportunity to repeat the following statement concerning juror competency from Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922 (Fla.4th DCA 1988):
The question of the competency of a challenged juror is one of mixed law and fact to be determined by the trial court in its discretion and the decision will not be disturbed unless error is manifest. Singer v. State, 109 So.2d 7, 22 (Fla. 1959). The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). If there is a basis for any reasonable doubt as to the juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at trial, he should be excused. Singer, 109 So.2d at 23-24. Close cases involving challenge to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to his or her impartiality. Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985).
GLICKSTEIN and WARNER, JJ., concur.