PER CURIAM.
Grace Tursi appeals an adverse final summary judgment in her action for false arrest, false imprisonment, and negligence against appellee Metropolitan Dade County. We reverse.
The facts giving rise to this case originated with the burglary of a shed located behind the house adjacent to Tursi’s home. A yard worker told police he heard a noise coming from the direction of the tool shed and saw Steven Tursi, the appellant’s son, standing near the shed. The shed had been broken into and property had been stolen. Metro Dade Police officer John Poulos, who was assigned to investigate the incident, went to Grace Tursi’s home and was invited inside by Steven. The officer asked Steven Tursi if he had been near the shed on the day of the alleged burglary and Steven replied affirmatively. At that point, the officer removed a card from his wallet, intending to read Steven his Miranda rights.[1]’[2] As the officer began to read from the card, Steven informed the officer he did not want to speak to him any more and asked the officer to leave the house. Grace Tursi, who was present, also asked the officer to leave.
Steven went into his bedroom, locked the door and climbed out of his bedroom window. Upon realizing this, officer Poulos ran out the front door and chased Steven. The parties’ accounts of what happened next diverge widely. According to the officer, Grace Tursi called for Steven to come into the house. Steven ran in the front door, with the officer behind him in hot pursuit. The officer stated that as he reached the front door, Grace Tursi slammed it, striking the officer in the chest. The officer demanded that she open the door, which she did after some delay. Steven had fled from the house.
According to Grace Tursi, she did not call Steven into the house, nor did she slam the door. Ms. Tursi testified that Steven ran into the house, slamming and locking the front door. According to Ms. Tursi, the officer demanded that the door be opened and threatened to shoot the door down. She opened the door but Steven had fled.
*152 The officer placed Grace Tursi under arrest, charging her with battery on a police officer and resisting an officer without violence. The battery charge was based on the officer’s claim that Grace Tursi shut the door behind her son, striking the officer in the chest. The resisting an officer charge was based on the officer’s claim that Grace Tursi closed the door while the officer was pursuing Steven and refused to immediately open it. The criminal charges against Grace Tursi were dismissed for lack of prosecution.
Ms. Tursi filed this action against Dade County for false arrest, false imprisonment, and negligence. The County moved for summary judgment, arguing that the material facts were undisputed and that the officer had probable cause to arrest Grace Tursi. The trial court granted the motion and Grace Tursi has appealed.[3]
In order to maintain her action for false arrest and false imprisonment Grace Tursi must show that officer Poulos, in procuring the arrest, exercised unlawful restraint and detained her against her will. City of Hialeah v. Rehm, 455 So.2d 458, 461 (Fla. 3d DCA 1984), review denied, 462 So.2d 1107 (Fla.1985). In the present case the question is whether the restraint was unlawful, that is, whether the officer had probable cause to arrest Grace Tursi.
The test for probable cause is whether the officer had “knowledge of facts and circumstances which would warrant an individual of reasonable caution in believing that an offense had been committed.” Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983). Moreover, “the facts constituting probable cause need not reach the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based.” Id.
The officer charged Ms. Tursi with battery on a law enforcement officer under section 784.07, Florida Statutes (1989), and resisting an officer without violence under section 843.02, Florida Statutes (1989). Section 784.07 penalizes any battery on an officer while the officer “is engaged in the lawful performance of his duties.... ” Section 843.02 penalizes any person who “shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty....”
While Ms. Tursi argues to the contrary, we conclude that the officer was engaged in the lawful execution of a legal duty during his visit to the Tursis. Based on the information he had already gathered beforehand, and the information provided by Steven Tursi during the interview,[4] we conclude that the officer had probable cause to arrest Steven Tursi on the burglary charge. His subsequent pursuit of Steven was lawful.[5] See Huntley v. State, 575 So.2d 285 (Fla. 5th DCA 1991); In the Interest of T.M.M., 560 So.2d 805, 807 (Fla. 4th DCA 1990).
The next question, however, is whether the officer had probable cause to arrest Ms. Tursi for battery on a police officer or resisting an officer.[6] See City of Hialeah, 455 So.2d at 461; City of Miami v. Albro, 120 So.2d 23, 26 (Fla. 3d DCA 1960). Here the parties’ accounts are diametrically opposed. By the officer’s ac *153 count, Ms. Tursi called her son into the house and slammed the door before the officer could apprehend him. By Ms. Tur-si’s account, she did no such thing. Viewed in the light most favorable to Ms. Tursi, the nonmoving party, there remains a disputed issue of material fact on the question whether the officer had probable cause to arrest Ms. Tursi. The summary judgment must be reversed. There is no need to reach appellant’s second point on appeal.
Reversed and remanded.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The officer stated in his deposition he did not intend to arrest Steven at this point.

. The allegations in the negligence count are similar to those in the first count, with the additional allegation that the false arrest and false imprisonment resulted from the County’s negligent training of officer Poulos. Therefore, the County argued, summary judgment was proper on both counts as a matter of law if the arrest and imprisonment were lawful.

. Steven Tursi’s flight could also be considered, See Blanding v. State, 446 So.2d 1135, 1137 (Fla. 3d DCA 1984), but there was probable cause in the absence of flight.

. The officer was authorized to go back into the Tursi home because he was in "hot pursuit" of Steven. See Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Benefield v. State, 160 So.2d 706, 710 (Fla.1964) (Officer may enter home to make a warrantless arrest if he reasonably believes a person has committed a felony and where the officer is justified in the belief that an escape is being attempted.).

.The issue is not whether it can be shown by a preponderance of the evidence that Ms. Tursi did or did not slam the door on the officer; the question is whether the officer had probable cause to believe that was so.