594 So.2d 859 (1992)
John AUCHMUTY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2007.
District Court of Appeal of Florida, Fourth District.
March 4, 1992.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Appellant was convicted of first degree murder, attempted first degree murder, armed burglary and aggravated assault  all arising from the same incident. We reverse because of two errors. We conclude that the court erred in precluding the defense from offering evidence of a long-standing personal relationship between the deceased and the accused to establish that the shooting was in the heat of passion and thus not premeditated. The trial court also erred in precluding the defense from cross-examining a key state witness about a pending criminal prosecution against the witness to show bias or prejudice.
Defendant did not contest the fact that he had shot and killed the victim, whom he had discovered unclothed and in bed with his estranged wife. Instead, his theory of defense was lack of premeditation and the heat of passion. Defendant had been estranged from his wife for nearly a year after a marriage of some 18 years. He wanted to show that the emotional trauma of the separation was intensified by unusual circumstances concerning his own personal relationship with the man he shot.
The deceased owed his job to the intercession of defendant, who at trial sought to introduce evidence that his relationship with the decedent was more than merely that he worked with him. He wanted to prove that there were strong emotional ties between them, arising from a series of favors he had done for decedent, a convicted felon.
*860 He sought to prove that, as shown by his past conduct and favors for the man, he had grown to consider the deceased as a father regards his own son. His theory of defense was that, when he saw the decedent's car parked at his estranged wife's apartment, he quite literally "snapped". When a few moments later he discovered his wife in bed with this man, he was in a rage "of the highest degree."
The trial judge precluded this evidence on the grounds that it was irrelevant. In doing so, he seems to have focused solely on that part of the history which showed that the victim had served time in prison for conviction of a crime. Thus he accepted the state's argument that the reputation of the victim is not relevant in this kind of first degree murder case. We disagree with the judge and have no hesitancy in finding relevancy, including the fact of the victim's criminal past.
We see the evidence excluded in this case as little different from the evidence excluded in Billeaud v. State, 578 So.2d 343 (Fla. 1st DCA), rev. denied, 583 So.2d 1034 (Fla. 1991). Both cases involved the defense of crime passionel. In Billeaud the excluded evidence was of the past extramarital affairs of defendant's wife "to show the years of frustration that he experienced and that his rage may have been much greater than the jury could have expected." 578 So.2d at 344. The material fact which the excluded evidence in this case would have tended to prove was, as in Billeaud, central to the defense: that the unexpected discovery of the betrayal by a man he regarded as his son with his very own wife evoked a rage greater than the jury might have expected.
The state has not shown why its probative value might have been outweighed by "the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (1991). Nor can we say beyond any reasonable doubt that the verdict would have been the same with it. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Thus, unlike the court in Billeaud, we cannot find the exclusion harmless.
While that ground alone might be sufficient for a new trial, there is still another. There was an eyewitness to the killing. He shared the apartment with the deceased and defendant's wife. He opened the door to defendant's knock at 1:00 a.m. and admitted defendant into the apartment. Defendant forced him at gunpoint to show him where his friend was. He saw defendant open the door to the master bedroom, only to discover the deceased and defendant's wife in bed together unclothed. He testified that the victim attempted to grab defendant's arm while yelling "What are you doing John", after which he saw defendant shoot him. The witness described defendant as loud but controlled. By any standard, he was an important witness for the state.
The problem arises from the fact that this witness was on probation at that time and had just had charges brought against him for violation of probation, seeking revocation and imprisonment. The trial judge barred the defense from questioning the witness about this pending prosecution and whether he and the state had any arrangements or understandings that might conceivably affect the credibility of the witness's evidence. His decision appears to have been based on his assumption that the probative value of this evidence would be outweighed by its "prejudicial" nature  presumably that it might influence the jury to disbelieve this eyewitness.
A wide range of cross-examination is usually allowed of the state's witnesses. Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976), disapproved on other grounds, Edward v. State, 548 So.2d 656 (Fla. 1989). A defendant has a strong interest in discrediting a crucial state's witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony. Phillips v. State, 572 So.2d 16 (Fla. 4th DCA 1990). As we did in Phillips, so we are unable to say here that the exclusion of this evidence to show bias was harmless.
*861 We therefore reverse defendant's conviction and remand for a new trial.
REVERSED AND REMANDED.
HERSEY and GUNTHER, JJ., concur.