ANSTEAD, Judge,
dissenting.
The appellant claims error in the trial court's refusal to allow him to cross-examine an important state witness about a state criminal prosecution against the witness. This case cannot be materially distinguished from our recent holding in Auchmuty v. State, 594 So.2d 859 (Fla. 4th DCA 1992), in which Judge Farmer, writing for the court stated:
The trial judge barred the defense from questioning the witness about this pending prosecution and whether he and the state had any arrangements or understandings that might conceivably affect the credibility of the witness’s evidence. His decision appears to have been based on his assumption that the probative value of this evidence would be outweighed by its “prejudicial” nature — presumably that it might influence the jury to disbelieve this eyewitness.
A wide range of cross-examination is usually allowed of the state’s witnesses. Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976), disapproved on other grounds, Edward v. State, 548 So.2d 656 (Fla.1989). A defendant has a strong interest in discrediting a crucial state’s witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony. Phillips v. State, 572 So.2d 16 (Fla. 4th DCA 1990). As we did in Phillips, so we are unable to say here that the exclusion of this evidence to show bias was harmless. We therefore reverse defendant’s conviction and remand for a new trial.
In addition to refusing the cross-examination here, the trial court erred in not allowing the appellant to make a proffer of the witness’s responses to these questions. Based on Auchmuty and the decisions cited therein, these rulings constituted reversible error.