597 So.2d 368 (1992)
Jorge DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1842.
District Court of Appeal of Florida, Third District.
April 14, 1992.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Leslie Schreiber, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Diaz appeals from a conviction and sentence for battery on a law enforcement officer, as a lesser offense of the charged crime of aggravated battery on a law enforcement officer. We reverse for a new trial because of the erroneous exclusion of pertinent evidence.
The case arose out of a melee at the Dade County Jail involving Diaz, then a prisoner, and several corrections officers. The state contended that Diaz unjustifiably struck Corporal Sada, and, in the free-for-all which then erupted, also hit Officer Caceras. He was charged in a two count information with battery on Caceras (Count I) and aggravated battery on Sada (Count II). Over Diaz's objection, Count I was "severed" because the complaining witness, Caceras, was serving in the Persian Gulf.[1] The case went to trial on Count II alone. Sada and another officer testified that Diaz had struck him without provocation; Diaz claimed self defense. Diaz also sought to introduce evidence that in the portion of the incident which involved the encounter with Caceras, Diaz had been badly beaten, and had sustained serious injuries as a result. The lower court excluded this testimony as irrelevant to the offense being tried. This was reversible error.
In our view, the testimony concerning the latter portions of the essentially single incident were properly admissible both (a) in order to give the jury the complete picture of the entire inseparable course of events, see Gillion v. State, 573 So.2d 810 (Fla. 1991), and (b) more important, because the serious injuries he had sustained at the hands of fellow corrections officers provided a clear motivation for Sada to testify that Diaz was alone responsible for their being inflicted. See McCrae v. State, 549 So.2d 1122 (Fla. 3d DCA 1989); Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983), pet. for review denied, 449 So.2d 265 (Fla. 1984); Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980). The real possibility that the battery charges against Diaz were brought, and testified to, on the basis that the good offense that they represented might well be the best defense to a substantial claim of police brutality should not *369 have been kept from the jury. See also Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978), cert. denied, 374 So.2d 101 (Fla. 1979).
Reversed and remanded for a new trial.
NOTES
[1] While we doubt the propriety of this ruling, the issue is not raised on appeal and our decision makes it unnecessary to consider it further.