597 So.2d 412 (1992)
James CATON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0640.
District Court of Appeal of Florida, Fourth District.
April 22, 1992.
Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Once again we reverse a conviction because a trial judge unduly restricted cross-examination to show bias of a key state witness. In this case, defendant was charged with battery of a booking officer at the county jail shortly after defendant's arrest on other charges. After the booking, and while the defendant and the booking officer were alone in the cell, they both ended up on the floor. Caton was unconscious for some period of time, a fact conceded by the officer.
Caton and the officer told sharply diverging stories about the incident. The officer described Caton as abusive and belligerent. When he tried to have Caton sit on the cell bench, Caton grabbed him and both fell to the floor in the ensuing fight. When he realized that Caton had sustained a head injury from the altercation, he summoned medical attention. On the other side, Caton said that the officer knocked his glasses off while removing his restraints. Caton then sought to catch the glasses before they could fall to the floor, whereupon the officer threw him down and kicked him in the head.
At trial, defendant sought to cross-examine the officer about his motive for pursuing the battery charge against him. The trial judge sustained the state's objection. Specifically, the trial judge did not allow Caton to question the officer about fears *413 that Caton would sue him in a civil suit for using excessive force in the incident.
Cases discussing the broad latitude of cross-examination to show bias of important state witnesses are legion. As we said, e.g., in Cox v. State, 441 So.2d 1169 (Fla. 4th DCA 1983):
It is fundamental that "[a]ll witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice or interest * * *. This is especially so where a key state witness is being cross-examined." [citations omitted] Furthermore, "the existence of a civil suit by a witness against a criminal defendant is relevant to show such potential bias in the criminal trial."
441 So.2d at 1170.
To the same effect is Phillips v. State, 572 So.2d 16 (Fla. 4th DCA 1990), where Judge Stone, writing for the court, said:
The defendant has a right to discredit a witness by showing bias, an interest, and a possible ulterior motive for his testimony. E.g., Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Watts v. State, 450 So.2d 265 (Fla. 2d DCA 1984); Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983), pet. for rev. denied, 449 So.2d 265 (Fla. 1984). A condition of [the witness's] probation was that he not possess firearms. However, the trial court would not allow the defendant to cross-examine the witness about his probationary status. We cannot say that this error was harmless. [e.o.]
572 So.2d at 17. More recently we said:
A wide range of cross-examination is usually allowed of the state's witnesses. [citation omitted] A defendant has a strong interest in discrediting a crucial state's witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony.
Auchmuty v. State, 594 So.2d 859, 860 (Fla. 4th DCA 1992).
We are unable to conclude that this restriction on cross-examination was harmless and thus we reverse for a new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY and GUNTHER, JJ., concur.