616 So.2d 1129 (1993)
Eddie James MOSLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2998.
District Court of Appeal of Florida, Third District.
April 13, 1993.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Robert Katzman, Certified Legal Intern, and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
COPE, Judge.
Eddie James Mosley appeals his conviction and sentence for resisting arrest with violence to the officer. We affirm.
After a high-speed automobile chase and a foot chase, two Florida City police officers caught up with defendant's brother at an apartment complex. Defendant's brother halted. The officers told defendant's brother that he was under arrest.
Defendant was present in the apartment complex where the foot chase ended. Defendant, who weighs 250 pounds, positioned himself in front of his brother. Defendant stated that his brother hadn't done anything wrong and the officers weren't going to take him anywhere. A crowd of at least 50 to 75 persons gathered. The officers radioed for backup.
Two Metropolitan Dade County police officers arrived. The Florida City officers were attempting to take the defendant's brother into custody but could not get past the defendant. The Metro-Dade officers *1130 ordered defendant to move. When he did not, they grabbed him by the arms, moved him out of the way, and placed him under arrest. Defendant struggled while being handcuffed. In the struggle one officer received a bump on the forehead and the other, a cut on the hand. Defendant was not injured.
Insofar as pertinent here, defendant was charged with resisting arrest with violence.[1] Defense counsel conceded from the outset the uncontradicted fact that defendant had interfered with the Florida City officers and should not have done so. Defendant's defense, however, was that he never struck the Metro-Dade officers. Defendant was convicted of resisting arrest with violence. Defendant appeals, contending that cross-examination was unduly restricted.
On cross-examination of the Metro-Dade officer, defense counsel asked, "[I]f a Metro police officer arrests somebody and arrests them falsely, the County could get sued, couldn't it?" The State's objection was sustained.
Although interrupted by an objection, the defense also attempted to ask in substance, "If the County got sued because of the act of one police officer [, it would reflect badly on his record, wouldn't it?]" The state's objection was likewise sustained.
At side-bar defense counsel argued that the police officer "has a motive to lie because the County could get sued. It would reflect badly on his record... . If the County gets sued, don't you think it's going to have an impact on his career?" The trial court adhered to its ruling sustaining the objection, commenting that "[i]t seems to me every time there's an arrest by a police officer, and there are probably thousands a day, every single arrest could result in a suit under your theory."
It is certainly true that a defendant in a criminal case has considerable latitude in cross-examination to elicit testimony showing the bias of a witness. See § 90.608(2), Fla. Stat. (1991); Breedlove v. State, 580 So.2d 605, 608-09 (Fla. 1991). Thus, where the prosecution witness is under internal investigation for the incident which gave rise to the charges against the defendant, or where there is a pending or threatened civil suit or criminal charges arising out of the same incident, those matters may be inquired into on cross-examination. See Charles W. Ehrhardt, Florida Evidence § 608.5, at 377-79 (1992 ed.); Breedlove v. State, 580 So.2d at 608; Wooten v. State, 464 So.2d 640, 641 (Fla. 3d DCA), review denied, 475 So.2d 696 (Fla. 1985); Cox v. State, 441 So.2d 1169 (Fla. 4th DCA 1983). See also Wayne J. Foster, Annotation, Right to Cross-Examine Prosecuting Witness as to his Pending or Contemplated Civil Action Against Accused for Damages Arising Out of Same Transaction, 98 A.L.R.3d 1060 (1980). Where the defendant suffered serious injuries in the altercation, the defense may in a proper case introduce evidence of those injuries. Diaz v. State, 597 So.2d 368 (Fla. 3d DCA 1992); cf. Caton v. State, 597 So.2d 412-13 (Fla. 4th DCA 1992) (on facts of that case, allowing inquiry "about fears that defendant would sue [officer] in a civil suit for using excessive force in the incident").
However, the defendant's right to cross-examine on the question of bias is not unlimited:
"Bias on the part of a prosecution witness is a valid point of inquiry in cross-examination, but the prospect of bias does not open the door to every question that might possibly develop the subject."... Evidence of bias may be inadmissible if it unfairly prejudices the trier of fact against the witness or misleads the trier of fact. Therefore, inquiry into collateral matters, if such matters will not promote the ends of justice, should not be permitted if it is unjust to the witness and uncalled for by the circumstances.
*1131 Breedlove v. State, 580 So.2d at 609 (citations omitted).
Here, the defense sought to impeach the Metro-Dade officer by asking two generally worded questions: first, if a police officer arrests someone falsely, could the County be sued, and second, if the County were sued because of the acts of a police officer, would that reflect badly on the officer's record.
As a preliminary matter, it is doubtful that the point is preserved for appellate review. See § 90.104(1)(b), Fla. Stat. (1991); A. McD. v. State, 422 So.2d 336, 337-38 (Fla. 3d DCA 1982); see also Lucas v. State, 568 So.2d 18, 22 (Fla. 1990); Wooten v. State, 464 So.2d at 641 n. 1. However, assuming that the point is adequately preserved, the trial court's ruling was entirely correct.
There was no basis for these two questions, and the two questions were affirmatively misleading. Defense counsel sought to impeach the Metro-Dade officer for bias[2] by asking in substance whether the officer was concerned about a suit for false arrest. The uncontradicted fact was that the defendant had interfered with the officers' effort to arrest his brother, and did not desist until physically moved by the Metro-Dade officers. Obviously, the Metro-Dade officers had probable cause to arrest the defendant.[3] Any suggestion that the officers had lacked probable cause to arrest defendant was frivolous. There was no other basis for suggesting concern about a claim of false arrest, such as a pending or threatened investigation or civil suit. Furthermore, the questions, as worded, carry with them the implication that the acquittal of a defendant confers an automatic right to bring a lawsuit against the County, whereas in fact the basis for a lawsuit for wrongful arrest is quite limited. See e.g., Tursi v. Metropolitan Dade County, 579 So.2d 150 (Fla. 3d DCA 1991); City of Hialeah v. Rehm, 455 So.2d 458 (Fla. 3d DCA 1984). Under the circumstances, the two questions were uncalled for and invited a needless detour into the law of wrongful arrest. The trial court acted well within its discretion in sustaining the objections to the two questions. Breedlove v. State, 580 So.2d at 609.
The trial court also sustained one of a series of questions which elicited the fact that one of the Metro-Dade officers was the training officer for the other officer, a new hire who was on the customary one-year probationary status for newly-hired employees.[4] Although the objection should not have been sustained, the supervisory relationship had already been brought out by other questions. Any error was harmless.
Affirmed.
NOTES
[1] Defendant was also charged with battery on the Metro-Dade officers and obstructing the Metro-Dade officers. Defendant was acquitted of the battery charges. The trial court dismissed the obstruction charge on the theory that it was subsumed in the other charges.

The State did not charge defendant with obstructing the Florida City officers.
[2] § 90.608(2), Fla. Stat.
[3] See § 843.02, Fla. Stat.
[4] The newly-hired officer had several years experience with another police department, but was a new employee at Metro-Dade.