680 So.2d 567 (1996)
Steven CHADWICK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3031.
District Court of Appeal of Florida, First District.
August 7, 1996.
*568 J. Craig Williams and Shelley L. Thibodeau, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, and Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges his convictions for battery on a law enforcement officer and resisting arrest with violence. Because the trial court improperly excluded evidence relevant to the bias of the state's witnesses, we reverse.
The appellant was charged with battery on a law enforcement officer and resisting arrest with violence. He thereafter filed a complaint against the deputies involved in his arrest alleging that they used excessive force in placing him into a cell upon arrival at the jail. An internal investigation was conducted, and the deputies were aware that the appellant had threatened to file a civil suit against them. The trial court precluded any cross-examination of the officers or other trial testimony relating to the internal investigation or threatened suit against the officers.
The Sixth Amendment, as incorporated into the Fourteenth Amendment, guarantees a defendant in a state criminal prosecution the right to a full and fair opportunity to cross-examine prosecution witnesses in order to show their bias or motive to be untruthful. Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Mosley v. State, 616 So.2d 1129 (Fla. 3d DCA 1993); Caton v. State, 597 So.2d 412 (Fla. 4th DCA 1992). And a defendant also has the right to offer additional evidence to show the bias of prosecution witnesses. See § 90.608(2), Fla. Stat. (1993); see also Diaz v. State, 597 So.2d 368 (Fla. 3d DCA 1992). Therefore, when a prosecution witness is under internal investigation for the incident which gave rise to the charges against a defendant, or when there is a pending civil suit or criminal charge against the witness arising out of the incident, those matters may be inquired into on cross-examination or developed in the defense case. Mosley; Caton; Diaz.
The state argues that the threatened suit and pending internal investigation in this case were irrelevant because they grew out of events at the jail some time after the arrest. We find this argument unpersuasive. It is true that the events at the jail occurred after the appellant's arrest, but that does not change the fact that the appellant had threatened to sue the deputies and that they were the subjects of an internal investigation initiated by the appellant. The internal investigation of the deputies and the threatened suit against them were clearly relevant to the question of their bias against the appellant when they testified at trial.
Because this case involved a classic swearing match between the deputies and the defense witnesses, we cannot say that the improper exclusion of the impeachment evidence was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The appellant's conviction is reversed and the case is remanded.
MINER and MICKLE, JJ., concur.