691 So.2d 49 (1997)
Lafayette GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0582.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
*50 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse Defendant's conviction and sentence for sexual battery and remand for a new trial. The trial court erred by failing to admit Defendant's wife's proffered testimony concerning a conversation she had with the victim one week before the alleged event. The testimony would be that the victim allegedly indicated a desire to move in with the wife and asked if the wife could think of a way to "get rid of" Defendant. When the wife replied that she could not, the victim allegedly replied that she would think of a way. The state objected to this testimony as hearsay. Defendant argued that the proffered testimony was being offered as impeachment to show the victim's bias or motive to lie. The judge sustained the state's objection.
Utterances of a witness indicating motive or bias do not constitute hearsay when offered for impeachment purposes. Fields v. State, 608 So.2d 899 (Fla. 1st DCA 1992). "Because liberty is at risk in a criminal case, a defendant is afforded wide latitude to develop the motive behind a witness' testimony." Livingston v. State, 678 So.2d 895, 897 (Fla. 4th DCA 1996). See also Pomeranz v. State, 634 So.2d 1145 (Fla. 4th DCA 1994) (abuse of discretion to limit cross-examination of witness who owed a sum equal to the amount defendant allegedly stole; such cross-examination was relevant to show motive for witness to have stolen the money himself and fabricated robbery as a cover for the crime). If cross-examination alone is not sufficient to expose a witness' improper motives, a defendant may present other impeachment testimony. Hair v. State, 428 So.2d 760 (Fla. 3d DCA 1983).
We note that the victim's motive to fabricate the charge goes to the crux of the defense. Defendant's wife's testimony was crucial to establish the victim's motive for lying about the rape.
STONE, WARNER and POLEN, JJ., concur.