735 So.2d 579 (1999)
Linda PURCELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0674.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Valerie Jonas, Miami Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We reverse defendant's conviction because the trial judge refused to permit defense counsel to impeach a key prosecution witness by showing bias.
We will not here detail all the background except to note that the case was essentially a swearing match between the two state witnesses and the defense. Hence the exclusion was not harmless because almost any evidence of bias could have been significant.
*580 Defendant was initially charged with three counts of aggravated assault by pointing a gun at three people, one of whom was the witness in question. Just after the jury was selected, the prosecution dismissed the charge involving the witness. During cross examination of this state witness, defense counsel sought to establish that she was out of work and therefore asked the witness whether she was employed. At that point, and without any objection from the prosecution, the trial judge interrupted and ordered the lawyers to a sidebar conference. He inquired as to the relevance of the question. Counsel explained that he wanted to show that the witness was out of work, that she and her fiancé (who was one of the three persons allegedly assaulted)[1] were in need of money and that sometime before trial the witness had offered to "let the case go away for money." Without hearing any comment from the state, the trial judge refused to allow this line of impeachment on the grounds that the state had just dismissed the charge involving this witness and therefore the witness had nothing to "let go away."[2]
Under section 90.608(2), any party may attack the credibility of a witness by showing "that the witness is biased." "Our evidence code liberally permits the introduction of evidence to show the bias or motive of a witness." Gibson v. State, 661 So.2d 288, 291 (Fla.1995).
Exposing a motivation for the witness to testify untruthfully at trial is "the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The right to expose an improper motive for the testimony of a witness, especially as here a critical state witness, is therefore an essential ingredient in the right to trial by jury. Jones v. State, 678 So.2d 890, 892 (Fla. 4th DCA 1996).
As we have made clear in several cases, a defendant has a "strong interest in discrediting a crucial state's witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony." Auchmuty v. State, 594 So.2d 859, 860 (Fla. 4th DCA 1992); see also Perez v. State, 691 So.2d 1190 (Fla. 4th DCA 1997); Stanley v. State, 648 So.2d 1268 (Fla. 4th DCA 1995); Pomeranz v. State, 634 So.2d 1145 (Fla. 4th DCA 1994); Taylor v. State, 623 So.2d 832 (Fla. 4th DCA 1993); Caton v. State, 597 So.2d 412 (Fla. 4th DCA 1992); Phillips v. State, 572 So.2d 16 (Fla. 4th DCA 1990); Cox v. State, 441 So.2d 1169 (Fla. 4th DCA 1983); Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980). Bias may be proved by animus or prejudice against the defendant, an interest in the outcome of a case, and any matter tending to show a motivation indicating that a witness may be testifying untruthfully. Jones v. State, 678 So.2d 890, 892 (Fla. 4th DCA 1996).
Here the trial judge indicated that the testimony sought to be elicited was such that defendant must first show that the witness was identified as a victim in one of the charges on trialwhich he could not do because the charge was dropped at the beginning of evidence. This kind of precondition or prior foundation for evidence tending to show bias has long been disapproved. In Alford v. State, 47 Fla. 1, 36 So. 436 (1904), for instance, our supreme court said of this supposed foundation requirement that:
"Questions touching interest, motives, animus, or the status of witnesses to the *581 suit, or parties to it are not collateral or immaterial. As to such matters inquiry may be had, and it is not within the discretion of the court to exclude it.... [T]he hostility of a witness towards a party against whom he is called may be proved by any competent evidence, either by cross-examination of the witness or by the testimony of other witnesses, and that it is not necessary that the witness should be first examined as to his hostility before calling other witnesses." [emphasis supplied]
47 Fla. at 8, 36 So., at 438. Considerable latitude should be accorded a defendant in attempting to establish bias, including allowing inquiries that might at first blush appear to be lacking any basis at all thus far in the trial, so long as counsel states a basis tending ultimately to show such bias.
In this instance, the exclusion of the cross examination on the basis of the supposed precondition was also prejudicial error, in any event, because the witness had been identified in count III of the information as a victim of the alleged assault. Count III stayed in the case right up until the moment of opening statement by the prosecution. Thus it was entirely proper for defendant to attempt to show that before the charge was dropped and while it was still pending the witness had offered "to make the case go away" for the payment of money.
REVERSED FOR NEW TRIAL.
DELL and POLEN, JJ., concur.
NOTES
[1] The witness and her fiancé were the state's only witnesses at trial to the alleged assault. The third person did not testify.
[2] Although defendant has not raised on appeal any impropriety by the trial judge in asserting this kind of objection when the prosecutor had not thought it necessary to do so, we once again caution trial judges against becoming too involved in the presentation of evidence during a trial. See McFadden v. State, 732 So.2d 1180, 1999 WL 246841 (Fla. 4th DCA 1999)