831 So.2d 772 (2002)
Charles SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2319.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Melynda L. Melear, Assistant *773 Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with battery on a law enforcement officer and resisting arrest. At trial, when he sought toadduce evidence concerning his complaint against the officers alleging excessive force, the trial court sustained the state's objection on the grounds that prejudice from such evidence outweighed its probative value. During closing argument, over defendant's objection, the State argued that the officers' version of the events should be believed because their only interest in the case was in preserving their good name and that they would not sacrifice their careers over the matter. We reverse his conviction.
The state's evidence at trial showed that initially an officer responded to a citizen's complaint and confronted defendant sitting on an apartment balcony. Defendant had wrapped himself in a blanket. The first officer asked defendant to stand and release the blanket to show whether he had any weapons. The officer did not say why he thought defendant might have a weapon on his person. Defendant stood up but only slightly opened the blanket. The officer then attempted to pat defendant's pants pockets to see if he had any weapons. As he reached his hand towards defendant's front pocket, defendant slapped his hand away. Defendant again slapped his hand away when he tried to pat another pocket. Defendant then positioned his body in a defensive posture. The officer thereupon grabbed defendant's arm to take control of him and a struggle ensued. He testified that defendant broke free and repeatedly jammed him against the balcony railing.
A back-up officer responded to the scene and was able to cuff defendant's wrist to the railing. Defendant continued to resist the two officers by kicking and swinging his arms. The back-up thought defendant was attempting to push the other officer over the railing. A third officer arrived and saw defendant resisting the first two officers. He assisted the officers by cuffing defendant's hands behind his back and placing him under arrest. A fourth officer arrived and witnessed defendant's resistance of the three officers.
A detective interviewed defendant the following morning. According to his testimony, defendant stated that he resisted the first officer because the pat down offended him. Defendant boasted that he "fought off" and was able to "hold up" three officers.
By way of defense, two neighbors in nearby apartments testified that they saw the altercation after it began. Both witnesses described seeing an officer holding a stick to defendant's throat. This testimony contradicted the officers' testimony. A friend of defendant also testified that the first officer jabbed defendant with a stick when he refused to open his blanket. The first officer just started beating defendant, who never touched or struck the officers.
Under the Sixth Amendment, a defendant in a state criminal prosecution has a constitutional right to cross-examine prosecution witnesses in order to show their bias or a motive to be untruthful. Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Caton v. State, 597 So.2d 412 (Fla. 4th DCA 1992). It is thus a well-established principle in this state that a defendant in a criminal case has considerable latitude in cross-examination to elicit testimony showing the bias of prosecution witnesses. See § 90.608(2), Fla. Stat. (2000) *774 ("Any party...may attack the credibility of a witness by...showing that the witness is biased."); and Gibson v. State, 661 So.2d 288, 291 (Fla.1995) ("Our evidence code liberally permits the introduction of evidence to show the bias or motive of a witness."). As we only recently observed,
"Section 90.608(2), Florida Statutes, as well as the Sixth Amendment to the United States Constitution, guarantee a defendant `the right to a full and fair opportunity to cross-examine prosecution witnesses in order to show their bias or motive to be untruthful.' Patently, `[a] defendant has a strong interest in discrediting a crucial state's witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony.' Furthermore, `[b]ecause liberty is at risk in a criminal case, a defendant is afforded wide latitude to develop the motive behind a witness' testimony.'"[c.o.]
Barows v. State, 805 So.2d 120, 122 (Fla. 4th DCA 2002); see also Green v. State, 691 So.2d 49, 50 (Fla. 4th DCA 1997); Auchmuty v. State, 594 So.2d 859, 860 (Fla. 4th DCA 1992); and Jones v. State, 577 So.2d 606, 608 (Fla. 4th DCA 1991).
Applying this important principle generated by the Confrontation Clause, it has been recognized in this state that:
"when a prosecution witness is under internal investigation for the incident which gave rise to the charges against a defense, or when there is a pending civil suit or criminal charge against the witness arising out of the incident, those matters may be inquired into on cross-examination or developed in the defense case."
Chadwick v. State, 680 So.2d 567, 568 (Fla. 1st DCA 1996). Moreover, where the evidence is based solely on the credibility of conflicting witnesses, the refusal to permit defendant to adduce such evidence cannot be deemed harmless. Id.
In Breedlove v. State, 580 So.2d 605, 609 (Fla.1991), the supreme court recognized a limited restriction on the inquiry into bias when it "unfairly prejudices the trier of fact against the witness or misleads the trier of fact." In this instance, however, the record does not support a finding by the trial judge that the evidence would unfairly prejudice the state in the eyes of the jury. As used in this context, "unfairly prejudice" does not mean that the proposed testimony will cause the trier of fact to reject the opponent's evidence. Rather, it means that the proposed evidence would be invidious as regards the subject at issue. As a matter of law, it cannot be said that the matter of the formal complaint against the arresting officers with their employing entity is calculated to mislead the jury or unfairly prejudice them.
The entire testimony regarding the encounter points in both directions. If the whole evidence were considered along with what defendant proposed, the jury could have found that the police may well have been guilty of acting without a reasonable suspicion and then overreacting to defendant's response to what could have been improper police conduct. The subject of defendant's proposed evidence goes logically and non-invidiously to the very heart of the issue.
Because the facts of this case are close, we have no choice but to reverse for a new trial. Defendant shall be allowed to reasonably explore the subject of his internal affairs complaint against the officers for their conduct in this case.
REVERSED.
KLEIN and SHAHOOD, JJ., concur.