WELLS, Chief Judge.
B.M., a juvenile, was charged with resisting arrest with violence and battery on a law enforcement officer. At trial, he was precluded from adducing evidence that the officer whom he allegedly resisted used excessive force during and following the arrest and about an internal affairs complaint B.M. brought against that officer. We find that the trial court erred in excluding this impeachment evidence:
The Sixth Amendment, as incorporated into the Fourteenth Amendment, guarantees a defendant in a state criminal prosecution the right to a full and fair opportunity to cross-examine prosecution witnesses in order to show their bias or motive to be untruthful. Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Mosley v. State, 616 So.2d 1129 (Fla. 3d DCA 1993); Caton v. State, 597 So.2d 412 (Fla. 4th DCA 1992). And a defendant also has the *1015 right to offer additional evidence to show the bias of prosecution witnesses. See § 90.608(2), Fla. Stat. (1993); see also Diaz v. State, 597 So.2d 368 (Fla. 3d DCA 1992). Therefore, when a prosecution witness is under internal investigation for the incident which gave rise to the charges against a defendant, or when there is a pending civil suit or criminal charge against the witness arising out of the incident, those matters may be inquired into on cross-examination or developed in the defense case. Mosley; Caton; Diaz.
Chadwick v. State, 680 So.2d 567, 568 (Fla. 1st DCA 1996); see also § 90.608(2), Fla. Stat. (2011) (“Any party ... may attack the credibility of a witness by ... [showing that the witness is biased.); Shaw v. State, 831 So.2d 772, 773 (Fla. 4th DCA 2002).
Moreover, because this case involved a “classic swearing match” between the police and B.M., we cannot say that the improper exclusion of the impeachment evidence was harmless. See Chadwick, 680 So.2d at 568 (concluding that because the case involved a “classic swearing match” between the officers and the defense witnesses, the court could not conclude that exclusion of the impeachment evidence was harmless beyond a reasonable doubt); see also Shaw, 831 So.2d at 774 (holding that “where the evidence is based solely on the credibility of conflicting witnesses, the refusal to permit defendant to adduce such evidence cannot be deemed harmless”).
Accordingly, we reverse and remand for a new trial.